**NOT RECOMMENDED FOR FULL TEXT PUBLICATION**
File Name: 07a0842n.06
Filed: December 12, 2007
No. 06-5699

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

UNITED STATES OF AMERICA,
    *Plaintiff, Appellee*

On Appeal from the United States District
Court for the Western District of Kentucky

v.

ROBERT QUINN,
    *Defendant, Appellant*

_____/

**BEFORE: KENNEDY, MARTIN, and CLAY, Circuit Judges.**

**KENNEDY, Circuit Judge.** Defendant Robert Quinn appeals his sentence of 360 months of imprisonment for distribution and possession of child pornography. He argues that the district judge improperly applied sentencing enhancements for (1) possession of material portraying sadistic or masochistic conduct, (2) engagement in a pattern of activity involving the sexual abuse of a minor, and (3) distribution of material intended to induce the travel of a minor to engage in sexual conduct. Quinn also argues that his sentence exceeds the statutory maximum. Because we find that the district court did not err and the sentence imposed is reasonable, we **AFFIRM**.

**BACKGROUND**

In 2004, San Antonio, Texas police detective Anthony Smith initiated a child exploitation investigation in which he posed as a fourteen-year-old girl in Internet chat rooms. On November 30, 2004, Detective Smith was first contacted by a person using the name "bigbadky23." "Bigbadky23," later identified as Defendant Robert Quinn, communicated this message: "Hi angel, I am an older

guy and want to chat." Detective Smith replied and identified himself as a fourteen-year-old girl from Texas. During this first chat, Quinn sent Detective Smith seven videos and two photographs depicting minors engaged in sexually explicit activity.

In December 2004, Quinn contacted Detective Smith numerous times to chat, believing he was a fourteen-year-old girl, and sent approximately forty-nine photographs and eleven videos that all contained sexually explicit images of minors. On January 20, February 2, March 8, and April 1, 2005, Quinn sent the detective a number of similar videos and photographs. During the course of the various chats, Quinn discussed meeting the fourteen-year-old in person to engage in sexual activity with her.

On April 22, 2005, after police identified Quinn as the person using the screen name and computer linked to the on-line communications with Detective Smith, they executed a search warrant at his residence in Henderson, Kentucky. A preliminary analysis of the computers and storage media seized by agents in the search revealed hundreds of images of minors engaged in sexually explicit conduct. After being advised of his constitutional rights, Quinn admitted to acquiring, possessing, and distributing child pornography. Quinn stated that he had engaged in on-line chats with ten to twelve people he believed to be children and had sent them images of child pornography.

On December 6, 2005, Quinn pleaded guilty to thirteen counts of knowingly distributing child pornography in violation of 18 U.S.C. §§ 2552A(a)(2) and 2552A(b)(1) and one count of knowingly possessing child pornography in violation of 18 U.S.C. § 2552(a)(4)(B).[1] For Quinn's thirteen counts of distribution, the statute requires a mandatory minimum of five years imprisonment

---

[1]Quinn and the United States entered into an agreed order of settlement on the fifteenth count of the indictment, which concerned the forfeiture of real and personal property. The forfeiture issue is not involved in this appeal.

2

and a maximum of twenty years. The possession count has no statutory mandatory minimum and a maximum of ten years imprisonment. At his change of plea hearing, the district court twice advised Quinn that if he was sentenced to consecutive terms, he faced a total maximum of 270 years imprisonment.

At the sentencing hearing on May 11, 2006, the district court ultimately found Quinn to have a Sentencing Guidelines total offense level of forty-four. The district court arrived at this calculation by first assessing a base offense level of twenty-two and then imposing the following enhancements: a two-point increase for material involving a prepubescent minor; a seven-point increase for distribution with intent to entice the travel of a minor to engage in sexual conduct; a four-point increase for material portraying sadistic or masochistic conduct; a five-point increase for engaging in a pattern of activity involving the sexual abuse of a minor; a two-point increase for use of a computer; and a five-point increase for possession of more than 600 prohibited images. The district court provided Quinn with a three-point reduction for timely acceptance of responsibility. With a total offense level of forty-four and no criminal history, Quinn faced a Sentencing Guidelines range of life imprisonment.

Because none of the statutes Quinn violated provided for a true life sentence as a statutory maximum, the United States recommended that the court sentence in accordance with a lower Guidelines range that called for a sentence of 360 months to life. The United States then asked the court to sentence Quinn to 360 months imprisonment. The prosecutor noted that this recommendation was significantly less than the 270 years allowed by the relevant statutes. Since Quinn was seventy years old at the time, the prosecutor recognized that this would mostly likely be

3

in effect a life sentence, but further noted that Quinn's age had not "slow[ed] him down" as he was still actively soliciting young girls on the Internet.

The district court considered the sentencing factors in 18 U.S.C. § 3553(a) and ultimately sentenced Quinn to twenty years on each of counts one through thirteen, to be served concurrently, and ten years on count fourteen, to be served consecutively, for a total of 360 months imprisonment. This timely appeal followed.

## ANALYSIS

When considering sentencing decisions, we review the district court's factual findings for clear error while reviewing the district court's conclusions of law *de novo. United States v. Hazelwood*, 398 F.3d 792, 795 (6th Cir. 2005). We review the district court's application of the United States Sentencing Guidelines *de novo. United States v. Gibson*, 409 F.3d 325, 338 (6th Cir. 2005).

## I.

Quinn argues that the district court erred in calculating his Sentencing Guidelines range. Quinn objects to the district court's assessment of enhancements for the specific offense characteristics of: (1) images portraying sadistic or masochistic conduct or other depictions of violence, (2) engagement in a pattern of activity involving the sexual abuse of a minor, and (3) distribution of material intended to induce the travel of a minor to engage in sexual conduct. We will address each of his arguments in turn.

### A. Sadistic or Masochistic Conduct

First, Quinn claims that the district court erred in applying the four-level enhancement of USSG § 2G2.2(b)(4) for material portraying sadistic or masochistic conduct. He argues that this

Court should apply the rule of lenity because the Guidelines do not define what constitutes "sadistic" or "masochistic" conduct. Quinn also argues that this sentencing factor is not particularly useful because "sex between adults and children is inherently sadistic." Def.'s Br. at 13. Quinn does not create a factual dispute concerning the depictions at issue nor does he present a controverted matter concerning the application of this enhancement. His claim is without merit.

We held in *United States v. Fuller*, No. 02-3303, 2003 WL 22331999 (6th Cir. Oct. 9, 2003) (unpublished disposition), that because the Guidelines do not define sadistic or masochistic, courts must look to the common meaning of those terms to determine their application. *Id.* at *10. Accordingly, we found "the enhancement is warranted when the offense involves the depiction of a sexual act that is 'likely to cause pain in one so young.' " *Id.* (quoting *United States v. Lyckman*, 235 F.3d 234, 238-39 (5th Cir. 2000)). We agree with Quinn that penetrative sex between adults and prepubescent children is inherently sadistic. "[I]mages displaying vaginal or anal penetration of a prepubescent minor by either an adult male or foreign object is likely to be painful and constitutes sadistic conduct that justifies the enhancement." *Id.* (citing *United States v. Hall*, 312 F.3d 1250, 1261-63 (11th Cir. 2002); *United States v. Parker*, 267 F.3d 839, 847 (8th Cir. 2001); *Lyckman*, 235 F.3d at 238-39; *United States v. Canada*, 110 F.3d 260, 264 (5th Cir. 1997); *United States v. Caldwell*, No. 97-5618, 1999 WL 238655, at *9 (6th Cir. Apr. 13, 1999)).

Quinn does not dispute the fact that the images he possessed and distributed depicted the sexual penetration of prepubescent children by adult males. Quinn also does not dispute that a video file he sent to Detective Smith depicted the bondage and sexual abuse of a young girl. These images display sadistic conduct. The district court properly applied the four-point enhancement.

## B. Pattern of Activity Involving Sexual Abuse of a Minor

Second, Quinn argues that the district court erred in applying the five-point enhancement under USSG § 2G2.2(b)(5) for engaging in a pattern of activity involving the sexual abuse of a minor. A "pattern of activity" exists when the defendant commits two or more separate instances of sexual abuse or sexual exploitation of a minor. USSG § 2G2.2, cmt. n. 1; *see also United States v. Gawthrop*, 310 F.3d 405, 412 (6th Cir. 2002). The abuse need not to have occurred during the course of the offense for which the defendant is being sentenced. *Id.* The abuse may involve the same or different victims. *Id.* The abuse also need not have resulted in a conviction for such conduct for the court to find the existence of a pattern of activity. *Id.*

During the sentencing hearing, the United States presented the testimony of Quinn's two former stepdaughters to establish that Quinn repeatedly sexually molested them over a period of several years when they were between the ages of four and six and six and eight. Quinn does not contest the district court's finding that he had sexually abused his stepdaughters as minors; rather, he argues only that the conduct is too remote in time to be considered.[2] Quinn argues that because these acts allegedly took place more than thirty years ago, they cannot be used to show a pattern of activity. Quinn notes that if he had been convicted of these acts, the conviction would have occurred too long ago to be considered as part of his criminal history calculation.

We find that "[n]othing in § 2G2.2(b)(4) or its current commentary requires a temporal nexus between any instances of sexual abuse" and the crime of conviction. *Gawthrop*, 310 F.3d at 414. We have previously affirmed application of the enhancement when the prior acts occurred eleven

---

[2]Quinn also argues that he was denied due process because the prosecutor did not disclose in advance the identities of witnesses who would be testifying at his sentencing hearing regarding his past sexual abuse of minors. We find that this claim has no merit. Disclosure of witness identities is not required at sentencing hearings. *United States v. Moore*, 225 F.3d 637, 644 (6th Cir. 2000).

years earlier. *Id.* at 413-14. Other circuits have affirmed the enhancement when the sexual abuse took place twenty to twenty-three years earlier, *United States v. Woodward*, 277 F.3d 87, 89-91 (1st Cir. 2002), and even thirty-five years earlier, *United States v. Garner*, 490 F.3d 739 (9th Cir. 2007). Therefore, we find that Quinn's sexual molestation of his former stepdaughters thirty years ago was appropriately considered as part of a pattern of activity. The district court properly applied the five-point enhancement.

## C. Distribution to Induce a Minor to Travel to Engage in Sexual Conduct

Third, Quinn objects to the district court's application of the seven-point enhancement under USSG § 2G2.2(b)(3)(E) for distribution with intent to induce the travel of a minor to engage in sexual conduct. He argues that the enhancement is inapplicable because he was communicating with an undercover officer, not an underage child. Application Note 1 to USSG § 2G2.2, however, provides that a "minor" includes "an undercover law enforcement officer who represented to a participant that the officer had not attained the age of 18 years." Quinn cites *United States v. Chriswell*, 401 F.3d 459 (6th Cir. 2005), in support of his objection.

Our decision in *Chriswell*, however, is not applicable to the present case. The issue in *Chriswell* was whether an enhancement for "unduly influencing a minor," under USSG § 2A3.2(b)(2)(B), could be applied when the victim was an undercover police officer. As directed by the commentary to USSG § 2A3.2(b)(2)(B), we focused our inquiry on whether the defendant "compromised the voluntariness of the victim's behavior." *Chriswell*, 401 F.3d at 469. Consequently, we held that this enhancement should not apply where the victim is an undercover agent, because there is no true victim upon whom the effect of the defendant's conduct can be measured. *Id*.

Unlike the enhancement at issue in *Chriswell*, USSG § 2G2.2(b)(3)(E) focuses on the defendant's conduct, not the impact of such conduct on the voluntariness of the victim. The appropriate inquiry here is whether Quinn distributed the material in a manner that was intended to induce the minor to engage in sexual conduct. Quinn distributed numerous images of child pornography to Detective Smith, whom he believed to be a minor, while encouraging the "minor" to meet him and travel to another place to engage in sexual activity. We find that the district court properly applied the seven-point enhancement.

Therefore, we hold that the district court did not err in calculating Quinn's Sentencing Guidelines range.

## II.

Quinn also argues that his sentence of 360 months imprisonment exceeds the relevant statutory maximum. We find this argument to be without merit. Quinn states in his brief that the thirty year sentence is beyond the statutory maximum of twenty years as to counts one to thirteen and ten years as to count fourteen. The stated statutory maximums, however, apply to each count and not to the total sentence. Therefore, his sentence of 360 months imprisonment was not excessive.

## III.

For the foregoing reasons, the district court's imposed sentence is **AFFIRMED**.