NOT RECOMMENDED FOR PUBLICATION
File Name: 21a0001n.06

No. 20-5172

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | **FILED** |
| Plaintiff-Appellee, | ) | Jan 04, 2021 |
| | ) | DEBORAH S. HUNT, Clerk |
| v. | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| MITCHELL M. OVERBY, | ) | COURT FOR THE WESTERN |
| | ) | DISTRICT OF KENTUCKY |
| Defendant-Appellant. | ) | |
| | ) | |

BEFORE: BATCHELDER, WHITE, and BUSH, Circuit Judges.

**HELENE N. WHITE, Circuit Judge.** Defendant-Appellant Mitchell M. Overby pleaded guilty to possession of child pornography and attempting to transfer obscene material to a minor. The district court sentenced him to eighty months' imprisonment, ten years of supervised release, and a payment of $6,000 restitution to be split among five victims. On appeal, Overby contends that the district court erred in 1) applying a sentence enhancement for possession of child pornography depicting sadistic or masochistic conduct; 2) considering certain uncharged conduct at sentencing; and 3) ordering him to pay restitution to a victim of uncharged conduct. We **VACATE** the portion of the district court's order requiring that restitution be paid to a victim of uncharged conduct, and **AFFIRM** in all other respects.

**I.**

Overby used an online messaging app to send dozens of sexually explicit messages to what he believed to be a twelve-year-old minor. The messages included a picture of Overby's penis and a video of him masturbating. Fortunately, Overby was not communicating with a minor, but

instead a law enforcement agent in the United Kingdom. Overby's IP address was sent to law enforcement in the United States, who obtained and executed a search warrant at his residence.

During the search, Overby admitted to sending the sexually explicit messages and to possessing child pornography, which he said he traded with others online. A forensic analysis of Overby's phone yielded seventy-five images containing child pornography. The content of one of those images is at issue in this appeal. The parties agree that the Presentence Report's description of the image is accurate:

> a prepubescent female, approximately 7 to 11 years old lying on her stomach with no clothing on from her waist to her ankles. The female has one leg straight and the other is pulled near her waist, exposing her vagina. At least one of the female's arms are tied behind her back.

PSR ¶ 13.

Approximately ten days after the search at Overby's residence, a former co-worker of Overby's, K.C., approached law enforcement[1] with screenshots of private Facebook messages Overby had sent to her ten-year-old daughter. The unsolicited messages spanned several months; they began with "hi" and a "waiving hand" emoji, but then, after receiving no response, a picture of Overby's erect penis. K.C. discovered the messages before her daughter saw them, but K.C. grew concerned because Overby had previously offered to babysit her daughter, an offer K.C. had declined.

Unbeknownst to K.C., Overby had done more than send private Facebook messages to her daughter. Overby told acquaintances that he had sexual fantasies about K.C.'s daughter and had distributed images of her online that he found on K.C.'s Facebook page. He also posted multiple

---

[1] The PSR states that K.C. approached law enforcement, but other testimony in the record implies that law enforcement may have initially approached K.C.

pictures of K.C. online, including one with a phone number and her face pasted onto a nude female body. Overby claimed K.C. was his girlfriend and encouraged men to call her.

On July 31, 2019, Overby pleaded guilty, without a plea agreement, to attempted transfer of obscene material to a minor, in violation of 18 U.S.C. § 1470, and possession of child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B). The explicit images Overby sent to the agent in the United Kingdom served as the basis for the § 1470 charge. Overby was not charged for his conduct relating to K.C. or her daughter. Prior to sentencing, a U.S. Probation Officer calculated that the Sentencing Guidelines range for Overby's conduct was 97 to 121 months. The scoring included a four-point enhancement under U.S.S.G. § 2G2.2(b)(4)(A) for possessing a child-pornography image depicting sadistic or masochistic conduct.

At sentencing, Overby objected to the four-point enhancement, arguing that the image was not sadistic or masochistic, and that even if it was, a four-point enhancement was unwarranted for a single image. Overby also objected to any consideration of his uncharged conduct toward K.C. and her daughter. The district court found that the image was sadistic or masochistic and that § 2G2.2(b)(4)(A) was applicable, but also concluded that a four-point enhancement for a single image was excessive. The court heard from K.C. at sentencing, and over Overby's objection, considered Overby's conduct toward her and her daughter in its analysis of the 18 U.S.C. § 3553 factors. The district court noted that Overby's conduct toward K.C. and her daughter was relevant to consideration of Overby's likelihood of reoffending. The court then sentenced Overby to eighty months' imprisonment, followed by ten years of supervised release, and ordered him to pay $6,000 in restitution to five victims, including, over Overby's objection, $2,000 to K.C.'s daughter.

This appeal followed.

## II.

### A.  U.S.S.G. § 2G2.2(b)(4)(A) Sentence Enhancement

We first consider Overby's argument that the district court erred in applying a four-point sadistic-image enhancement under U.S.S.G. § 2G2.2(b)(4)(A).  Overby contends that the sadistic-image enhancement was inapplicable because the image does not show the infliction of pain or the victim experiencing pain.  Appellant's Br. at 12.  The government disagrees, arguing that the district court correctly found that the image portrays, at minimum, the infliction of mental pain upon a prepubescent minor.  Appellee's Br. at 16–17.

We review the district court's interpretation of the Guidelines de novo and its findings of fact for clear error.  *United States v. Brown*, 579 F.3d 672, 677 (6th Cir. 2009).  Whether the facts found warrant the application of a particular guideline provision is a legal question we review de novo.  *United States v. Coleman*, 627 F.3d 205, 211 (6th Cir. 2010).

U.S.S.G. § 2G2.2(b)(4)(A) provides for a four-point enhancement for possession of child pornography that "portrays . . . sadistic or masochistic conduct or other depictions of violence[.]"  We have defined sadism as "the infliction of pain upon a love object as a means of obtaining sexual release," *United States v. Cover*, 800 F.3d 275, 280 (6th Cir. 2015) (quoting *Webster's Third New International Dictionary* 1997–98 (2002)), and recognized two ways to show that an image is sadistic: "(1) offer evidence that the image depicts the sexual penetration of a prepubescent child, in which case we presume that the image is 'inherently sadistic,' largely because such conduct is 'likely to cause pain in one so young,' or (2) offer evidence that the image depicts violence or the 'infliction of pain,' either mental or physical." *Id.* (internal citations omitted).

Whether a particular image can be classified as portraying sadistic or masochistic conduct under § 2G2.2(b)(4) is an objective determination.  *United States v. Corp*, 668 F.3d 379, 389 (6th

Cir. 2012). The district court is limited to the four corners of the image and "must determine by a preponderance of the evidence that [the image] (1) depicts sexual activity involving a minor and (2) portrays conduct that would cause an objective viewer to believe—without regard to the undepicted circumstances of the sexual encounter—that the pictured activity is inflicting physical pain, emotional suffering, or humiliation on that minor." *Id.* at 390.

Here, the image depicts a "prepubescent female . . . lying on her stomach with no clothing on from her waist to her ankles . . . [with] one leg straight and the other . . . pulled near her waist, exposing her vagina . . . [with a]t least one of the female's arms . . . tied behind her back." PSR ¶ 13. At sentencing, the district court found that even if the image did not "depict [a] considerable amount of physical pain . . . one does not presume that many minor children have images [taken] of them naked from the waist down with one arm tied behind their back . . . thus constituting . . . at a minimum the infliction of mental pain." R. 45, PID. 245. We find no error in the district court's analysis. In *Corp*, although that case did not involve images portraying bondage, we noted that "images depicting bondage . . . even if engaged in by consenting adults experiencing no pain at all, would be objectively perceived as portraying a sadistic act." *Corp*, 668 F.3d at 390. We find that observation apt here. An objective viewer of an image of a prepubescent girl lying on her stomach, naked below the waist, legs spread to expose her vagina, with at least one arm visibly tied behind her back, would find that image to depict the infliction of humiliation and mental suffering on the child. *See, e.g.*, *United States v. Geerken*, 506 F.3d 461, 463, 467 (6th Cir. 2007) (no clear error in applying sadistic image enhancement for images depicting "children engaged in bondage and bestiality"); *United States v. Quinn*, 257 F. App'x 864, 867 (6th Cir. 2007) (unpublished) (image depicting "bondage and sexual abuse of a young girl" triggered § 2G2.2(b)(4) enhancement); *United States v. Kimbrough*, 69 F.3d 723, 734 (5th Cir. 1995)

(no clear error in finding that image of "a female minor in bondage" triggered sadistic image enhancement); *United States v. Tucker*, 136 F.3d 763, 764 (11th Cir. 1998) ("minors in bondage" sufficient to trigger sadistic image enhancement).

## B.  Substantive Reasonableness of Overby's Sentence

Overby argues that it was error for the district court to consider his uncharged conduct toward K.C. and K.C.'s daughter at sentencing, and that the weight the district court placed on that testimony rendered Overby's sentence substantively unreasonable.  Appellant's Br. at 28.

We review sentences for reasonableness under an abuse-of-discretion standard.  *Gall v. United States*, 552 U.S. 38, 46 (2007).  "The essence of a substantive-reasonableness claim is whether the length of the sentence is 'greater than necessary' to achieve the sentencing goals set forth in 18 U.S.C. § 3553(a)."  *United States v. Tristan–Madrigal*, 601 F.3d 629, 632–33 (6th Cir. 2010).  "A sentence is substantively unreasonable if the district court select[s] the sentence arbitrarily, bas[es] the sentence on impermissible factors, fail[s] to consider pertinent § 3553(a) factors or giv[es] an unreasonable amount of weight to any pertinent factor."  *United States v. Walls*, 546 F.3d 728, 736 (6th Cir. 2008) (alterations in original) (quoting *United States v. Caver*, 470 F.3d 220, 248 (6th Cir. 2006)).

We note at the outset that Overby does not argue that any of the information considered by the district court at sentencing was inaccurate.  We also note that the district court sentenced Overby to eighty months, which was either within or below Overby's guidelines range.[2]

---

[2] There appears to be some confusion as to whether the district court departed or varied from the Guidelines calculation.  Both parties state in their briefing that Overby's eighty-month sentence was "within the guidelines range," *see* Appellant's Br. at 13, 30; Appellee's Br. at 9.  That would be the case if the district court departed from the Guidelines by assessing one point under § 2G2.2(b)(4)(A) instead of the four points called for under that section.  During Overby's sentencing, the district court at one point discussed a reduced guidelines range of seventy-to-eighty-seven months, but later attempted to clarify that "but for the variance I have given . . . the total offense level would have been 30 . . . and the guidelines range would have been 97 to 121 months."  R. 45, PID. 273.  The written statement of reasons filed by the district court states that Overby's guidelines range was ninety-seven-to-121 months and that

Accordingly, Overby's sentence is entitled to a rebuttable presumption of reasonableness. *United States v. Moon*, 808 F.3d 1085, 1090 (6th Cir. 2015). Overby argues that the district court should not have considered uncharged conduct toward K.C. and her daughter at sentencing because it was not "relevant conduct" under § 1B1.3 of the Guidelines. But this contention is beside the point; Overby's conduct toward K.C. and her daughter was not factored into Overby's guidelines range. *See* Appellant's Br. at 28.

Overby alternatively argues that it was inappropriate for the district court to consider his uncharged conduct toward K.C. and her daughter in its § 3553 analysis. We disagree. Sentencing judges "exercise a wide discretion" in the types of evidence they may consider at sentencing, a principle that Congress codified at 18 U.S.C. § 3661. *Pepper v. United States*, 562 U.S. 476, 480 (2011) (quoting *Williams v. New York*, 337 U.S. 241, 246–247 (1949)); *see* § 3661 ("No limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence."). This wide discretion permits consideration of uncharged conduct as long as the sentencing court is using "reliable information." *See United States v. Gatewood*, 230 F.3d 186, 191 (6th Cir. 2000) (en banc); *United States v. Hill*, 688 F.2d 18, 20 (6th Cir. 1982) (prior criminal activities defendant had "never been arrested, indicted, or convicted [of]" were "highly relevant" and "properly considered by the trial judge under 18 U.S.C. [§3661] notwithstanding the fact that [defendant] ha[d] never been prosecuted or convicted for [the

---

the court varied below Overby's guidelines range when it imposed a sentence of eighty months. Thus, despite conflicting statements at sentencing, it appears Overby received a variance to a below-guidelines sentence and not a within-guidelines sentence based on a departure. In any event, the distinction is unimportant here because Overby's sentence was substantively reasonable whether his guidelines range was seventy-to-eighty-seven months or ninety-seven-to-121 months.

uncharged criminal activities]"); *United States v. Alsante*, 812 F.3d 544, 548 (6th Cir. 2016); *United States v. Silverman*, 976 F.2d 1502, 1510 (6th Cir. 1992).

During its § 3553(a) analysis, the district court referred to Overby's conduct towards K.C. and her daughter at three different points.[3] First, the district court observed that it considered Overby's conduct toward K.C. and her daughter "serious conduct" that was "escalating into the area of acting out in his desires as opposed to just looking at pictures." R. 45, PID. 266. Second, the district court evaluated the testimony of Dr. Herner, a psychologist who submitted a report on behalf of Overby, in light of what the court knew about Overby's conduct toward K.C.'s daughter. Dr. Herner stated in his report that he believed Overby was a low risk to reoffend over the next five-to-seven years. The district court noted that Dr. Herner did not make clear in his report that he "was aware of or strongly considered th[e] . . . conduct regarding [K.C.'s daughter,]" and that in the district court's opinion, the omission of a discussion of Overby's conduct toward K.C.'s daughter undermined the credibility of Dr. Herner's conclusions about Overby's likelihood to reoffend. R. 45, PID. 267–68. Third, the government argued, and the district court agreed, that Overby's conduct toward K.C. and her daughter distinguished his case from more typical low-end-of-the-Guidelines child-pornography cases where the defendant downloads offending images but does not pursue his victims offline.

Overby has failed to rebut the presumption of reasonableness and demonstrate that the district court abused its discretion. Overby's conduct toward K.C.'s daughter was an appropriate consideration when assessing the reliability of Dr. Herner's conclusion that Overby was unlikely to reoffend. With respect to the other two references to Overby's uncharged conduct, the district

---

[3] At the sentencing hearing, the district court also discussed Overby's conduct toward K.C. and her daughter when it was considering Overby's motion for a downward variance under U.S.S.G. §5k2.16, which the district court denied. Overby does not appeal that ruling.

court was within its discretion to consider the full range of Overby's conduct toward minors, including K.C.'s daughter, when assessing Overby's personal characteristics. *See* § 3553(a)(1). Viewing the record, we see no indication that the district court put excessive weight on the uncharged conduct in its § 3553 analysis. Overby's argument "ultimately boils down to an assertion that the district court should have balanced the § 3553(a) factors differently," an argument that is "simply beyond the scope of our appellate review, which looks to whether the sentence is reasonable, as opposed to whether in the first instance we would have imposed the same sentence." *United States v. Sexton*, 512 F.3d 326, 332 (6th Cir. 2008) (quoting *United States v. Ely*, 468 F.3d 399, 404 (6th Cir. 2006)). Accordingly, Overby's substantive reasonableness argument is without merit.

### C. Order of Restitution Payment to K.C.'s Daughter

Overby's final argument is that the district court did not have authority to order a restitution payment to K.C.'s daughter. Appellant's Br. at 14. The government concedes error. Appellee's Br. at 34. The Mandatory Restitution for Sexual Exploitation of Children Act, 18 U.S.C. § 2259, authorizes the district court to order restitution payments for victims of the offense of conviction—not for victims of uncharged conduct. *See* § 2259(c)(4) (defining "victim" as "the individual harmed as a result of a commission of a crime under this chapter"); *Paroline v. United States*, 572 U.S. 434, 445 (2014) ("A straightforward reading of § 2259(c) indicates that the term 'a crime' refers to *the offense of conviction*.") (emphasis added). Therefore, we vacate the portion of the district court's order requiring that restitution be paid to K.C.'s daughter.

### III.

For the reasons set forth above, we **VACATE** the portion of the district court's order requiring restitution be paid to K.C.'s daughter and **AFFIRM** in all other respects.