**NOT RECOMMENDED FOR PUBLICATION**
File Name: 15a0105n.06

No. 14-5367

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
Feb 04, 2015
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| | ) | ON APPEAL FROM THE |
| v. | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE EASTERN |
| HAROLD WAYNE SALYERS, | ) | DISTRICT OF KENTUCKY |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |
| | ) | |

BEFORE: SILER, GRIFFIN, and WHITE, Circuit Judges.

GRIFFIN, Circuit Judge.

Defendant Harold Wayne Salyers was convicted by a jury of four counts arising from his involvement in a conspiracy to distribute heroin, in violation of 21 U.S.C. §§ 846, 841(a). The district court imposed a sentence of 120 months, which defendant now appeals.[1] For the reasons that follow, we vacate defendant's sentence and remand to the district court for resentencing.

I.

At trial, several witnesses described defendant's involvement in the conspiracy. One such witness, Georgina Hobson, testified that on one occasion defendant and Hobson's daughter, Jennifer Rowland, travelled to Cincinnati to purchase heroin; defendant returned with fourteen grams of heroin.

---

[1]Defendant does not appeal his convictions.

Previously, Hobson also travelled with defendant to Cincinnati to purchase heroin; she testified she had done so "over 10 or 15" times. Hobson testified that defendant's supplier in Cincinnati was a drug dealer she only knew by the nickname "Money," and that defendant would purchase between $400 and $800 of heroin from Money on each trip.

Jennifer Rowland, a government witness, testified that defendant "was paying me for sex," first with money, then with drugs. She travelled with defendant to Cincinnati on "ten or more" occasions so that defendant could purchase heroin from Money. Jennifer Rowland testified that one of the first times she traveled with defendant to buy heroin from Money, "I tasted it to make sure it was, you know, real stuff because I guess I was supposed to know what it was supposed to taste like." She also stated that on one occasion, defendant sold "an 8 ball" of heroin to another drug dealer, Dwain Howard.

George Rowland testified for the government that he purchased heroin from defendant and travelled to Cincinnati with him several times when defendant purchased heroin from Money. George Rowland also bought heroin from Money.

Following the jury's verdict, defendant filed a sentencing memorandum objecting to the four-level leadership enhancement under U.S.S.G. § 3B1.1 recommended by the presentence investigation report. The presentence investigation report calculated a Guidelines range of 78 to 97 months, based on a criminal history category of I and a total offense level of 28, including the § 3B1.1 enhancement, and recommended a total sentence of 97 months.

At sentencing,[2] the court held that the leadership enhancement was "a viable enhancement" because defendant was "the conduit that brought heroin to Clark County and was

---

[2]Defendant had been previously sentenced to 240 months, the mandatory minimum term of imprisonment under § 841(a) when death results from the distribution of a controlled

. . . the leader/organizer; and I think there was evidence that he provided it for a number of people . . . ." Ultimately, the district court sentenced defendant to 120 months in prison, an upward departure from the 97-month recommendation of the presentence investigation report.

II.

We review sentences "for reasonableness, which, we have determined, has both substantive and procedural components." *United States v. Thomas*, 498 F.3d 336, 339 (6th Cir. 2007) (citation and quotation marks omitted).

A sentence is procedurally unreasonable if, among other things, the district court "fail[s] to calculate (or improperly calculate[s]) the Guidelines range, treat[s] the Guidelines as mandatory, fail[s] to consider the [18 U.S.C.] § 3553(a) factors, select[s] a sentence based on clearly erroneous facts, or fail[s] to adequately explain the chosen sentence." *Gall v. United States*, 552 U.S. 38, 51 (2007). Which standard of review applies to a defendant's challenge to the procedural reasonableness of a sentence depends on whether the defendant preserved that challenge for appeal. *United States v. Herrera–Zuniga*, 571 F.3d 568, 578 (6th Cir. 2009). We review preserved procedural-reasonableness challenges for an abuse of discretion. *United States v. Freeman*, 640 F.3d 180, 185–86 (6th Cir. 2011); *see also United States v. Bates*, 552 F.3d 472, 476 (6th Cir. 2009). Within this framework, our review of the district court's specific legal determinations is de novo, and review of the district court's specific factual findings is for clear error. *United States v. Gardner*, 649 F.3d 437, 442 (6th Cir. 2011).

Defendant preserved for appeal his challenge to the leadership enhancement; thus, our review is for an abuse of discretion. This court grants deference to the district court's finding

_____

substance. Wade Dickerson, Hobson's fiancé, died after consuming, among other substances, heroin he obtained from defendant. That sentence was later vacated because of an intervening Supreme Court decision.

that a defendant was a leader or organizer. *United States v. Washington*, 715 F.3d 975, 983 (6th Cir. 2013).

Even if a procedural sentencing error occurs, however, we will not remand for resentencing if the error is harmless. *See United States v. Hazelwood*, 398 F.3d 792, 801 (6th Cir. 2005). Sentencing errors are harmless where we are certain that the "error at sentencing did not cause the defendant to receive a more severe sentence" than would have been imposed without the error. *United States v. Gillis*, 592 F.3d 696, 699 (6th Cir. 2009) (citation omitted).

III.

Defendant argues that the district court abused its discretion by imposing the leadership enhancement. We agree, and because we also conclude that the district court's error was not harmless, we vacate defendant's sentence and remand for resentencing.

To justify the imposition of a leadership or organizer enhancement under U.S.S.G. § 3B1.1(a), the government must show by a preponderance of the evidence that a defendant "was an organizer or leader of a criminal activity that involved five or more participants." *See also Washington*, 715 F.3d at 983. Thus, there are two requirements that the government must satisfy: (1) that there were five or more "participants" in the criminal activity, and (2) that defendant was the leader or organizer of those participants.

Even assuming, arguendo, that the government satisfied its burden to show that there were at least five participants in the conspiracy here, it has not met its burden to show that defendant was the "leader or organizer" of that conspiracy. We have repeatedly held that "[i]n general, 'a defendant must have exerted control over at least one individual within a criminal organization for the enhancement of § 3B1.1 to be warranted.'" *United States v. Vandeberg*, 201 F.3d 805, 811 (6th Cir. 2000) (quoting *United States v. Gort-Didonato*, 109 F.3d 318, 321 (6th

-4-

Cir. 1997)); *see also United States v. Walls*, 546 F.3d 728, 735 (6th Cir. 2008); *United States v. Lalonde*, 509 F.3d 750, 765 (6th Cir. 2007); *United States v. Swanberg*, 370 F.3d 622, 629 (6th Cir. 2004). We derive this "control" requirement from the commentary to § 3B1.1, which lays out factors for sentencing courts to consider when applying the enhancement. These factors are: "the exercise of decision making authority, the nature of participation in the commission of the offense, the recruitment of accomplices, the claimed right to a larger share of the fruits of the crime, the degree of participation in planning or organizing the offense, the nature and scope of the illegal activity, and the degree of control and authority exercised over others." U.S.S.G. § 3B1.1 comment. (n.4). Thus, many of these factors emphasize control over others in the criminal activity.

In the present case, the evidence does not demonstrate that defendant exercised control over any other participant. Rather, it shows that defendant purchased heroin in Cincinnati, travelled back to Kentucky, and distributed it to others. To the extent that defendant's customers resold the drugs he supplied, there is no evidence that defendant had any say in that level of distribution. Similarly, there is no evidence that he received any remuneration from those to whom he sold drugs beyond that in the original sale. No one took orders from defendant. Participant George Rowland travelled to Cincinnati with defendant on several occasions. However, Rowland was both defendant's *and* Money's customer. He bought drugs from both of them and resold the drugs on his own. In short, the evidence shows that defendant was at most the peer of the others involved in the criminal activity, not their leader. In other words, "the record at most demonstrates only that [defendant] sold drugs to multiple individuals. He had no control over what they did with the drugs after the purchases." *Swanberg*, 370 F.3d at 629.

The district court made few findings relating to the § 3B1.1 enhancement. In its only statement pertaining to that enhancement, the court found that defendant was "the conduit that brought heroin to Clark County." In other words, the district court reasoned that defendant's role was essential to the distribution of heroin at issue in this case. This characterization is accurate—the record suggests that without defendant's frequent trips to Cincinnati and his connection to Money, the heroin would not have been distributed. However, we have explained that "merely playing an essential role in the offense is not equivalent to exercising . . . control over other participants," which is what is required to impose an enhancement under § 3B1.1. *United States v. Wright*, 747 F.3d 399, 412 (6th Cir. 2014) (citation omitted).

For this reason, we hold that the district court imposed a procedurally unreasonable sentence when it imposed a leadership enhancement under § 3B1.1(a). Removing this enhancement, defendant's base offense level would drop from 28 to 24. The district court did not indicate that it would have imposed the same 120-month sentence even if defendant's base offense level was 24. Accordingly, we cannot conclude that the "error at sentencing did not cause the defendant to receive a more severe sentence" than would have been imposed without the error, *Gillis*, 592 F.3d at 699, and thus we cannot say the error was harmless.

In view of our disposition of the leadership enhancement issue, we need not reach defendant's other assignments of error.

IV.

For these reasons, we vacate defendant's sentence and remand for resentencing in accordance with this opinion.