**NOT RECOMMENDED FOR PUBLICATION**
File Name: 20a0571n.06

No. 19-3572

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | **FILED** |
|  | ) | Oct 06, 2020 |
| Plaintiff-Appellee, | ) | DEBORAH S. HUNT, Clerk |
|  | ) |  |
| v. | ) | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF OHIO |
|  | ) |  |
| PATRICK WAYNE GRIFFIN, | ) |  |
|  | ) |  |
| Defendant-Appellant. | ) |  |
|  | ) |  |

BEFORE: BOGGS, DONALD, and THAPAR, Circuit Judges.

PER CURIAM. Patrick Wayne Griffin appeals his 210-month sentence for a drug conspiracy, challenging the district court's application of a four-level enhancement for his role as an organizer or leader under United States Sentencing Guidelines Manual § 3B1.1(a) [hereinafter "USSG"]. As set forth below, we **AFFIRM**.

A federal grand jury returned a multi-count, multi-defendant indictment charging Griffin with one count of conspiring to possess with intent to distribute and to distribute methamphetamine and heroin, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)-(B) and 846; one count of attempting to possess with intent to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A) and 846; and twelve counts of using a communication facility in furtherance of a drug trafficking crime, in violation of 21 U.S.C. § 843(b) and 18 U.S.C. § 2. Pursuant to a written plea agreement, Griffin pleaded guilty to conspiring to possess with intent to distribute and to distribute more than 500 grams of methamphetamine and more than 100 grams of heroin.

Griffin's presentence report set forth a base offense level of 34 with a four-level increase for his role as an organizer or leader pursuant to USSG § 3B1.1(a) and a three-level reduction for his acceptance of responsibility pursuant to USSG § 3E1.1. Griffin's total offense level of 35 and criminal history category of III resulted in a Guidelines range of 210 to 262 months of imprisonment. Among his objections to the Guidelines calculation, Griffin challenged the four-level enhancement for his aggravating role in the offense. At sentencing, the district court overruled Griffin's objection to the enhancement and sentenced him to 210 months of imprisonment, to run concurrent with a 21-month sentence for violating the terms of his probation for a prior conviction for Hobbs Act extortion.

In this timely appeal, Griffin challenges the district court's application of the four-level enhancement for his role as an organizer or leader under USSG § 3B1.1(a). "We review the factual findings of the district court on this issue for clear error and accord deference to the legal conclusion that a person is an organizer or leader under Section 3B1.1." *United States v. Olive*, 804 F.3d 747, 759 (6th Cir. 2015).

Section 3B1.1(a) of the Sentencing Guidelines provides for a four-level enhancement "[i]f the defendant was an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive." The defendant must have been the organizer or leader "of one or more other participants" to qualify for this enhancement. USSG § 3B1.1, cmt. n.2. In determining whether a defendant was an organizer or leader, courts consider the following factors:

> the exercise of decision making authority, the nature of participation in the commission of the offense, the recruitment of accomplices, the claimed right to a larger share of the fruits of the crime, the degree of participation in planning or organizing the offense, the nature and scope of the illegal activity, and the degree of control and authority exercised over others.

USSG § 3B1.1, cmt. n.4. "A district court need not find each factor in order to warrant an enhancement." *United States v. Castilla-Lugo*, 699 F.3d 454, 460 (6th Cir. 2012).

Griffin first argues that the district court clearly erred in finding that he directed a co-conspirator to pick up another co-conspirator at the airport, asserting that there was no evidence in the record to support this factual finding. In an addendum to the presentence report, the probation officer responded to Griffin's objection to the four-level enhancement for his role as an organizer or leader pursuant to USSG § 3B1.1(a) and identified several facts supporting application of the enhancement, including the facts that Griffin arranged for Anthony Carter to travel to California and bring drugs back to Ohio and that Griffin directed Jerome Walton to pick up Carter from the Canton-Akron International Airport. At sentencing, Griffin did not make any objection to the probation officer's factual summary. The district court is permitted to rely on the facts set forth in the presentence report when sentencing a defendant unless the defendant creates a factual dispute by "produc[ing] some evidence that calls the reliability or correctness of the alleged facts into question." *United States v. Cover*, 800 F.3d 275, 278 (6th Cir. 2015) (quoting *United States v. Lang*, 333 F.3d 678, 681 (6th Cir. 2003)). Because Griffin did not produce any evidence contradicting the probation officer's factual summary, the district court did not err in relying on that summary to apply the four-level enhancement pursuant to USSG § 3B1.1(a).

In overruling Griffin's objection to the enhancement, the district court also pointed out that it had the benefit of reviewing the presentence reports and conducting the sentencing hearings of his co-defendants and was "well aware of the conduct of each one of the co-defendants in this case." That basis is sufficient, here, given the absence of any objection or record evidence to the contrary. *Cover*, 800 F.3d at 278.

Griffin also argues that the evidence did not support the conclusion that he acted as an organizer or leader of the conspiracy. In determining that the four-level enhancement applied, the district court noted that Griffin received multiple calls from Leonard Jones, Jr., about obtaining more drugs; directed Walton to deliver drugs to Isaac Love and Robert Hammond; directed

Hammond to bring him drug proceeds; arranged for Carter to travel to California and bring drugs back to Ohio; directed Walton to pick up Carter at the airport; directed Walton to retrieve drug proceeds from Love; and arranged for Natorria Clark to retrieve drugs for him from Hammond. The district court summarized that "Griffin arranged or directed the drug-related conduct of six co-defendants, including their travel, their drug distributions, and the collections of drug proceeds."

Griffin contends that his case closely resembles *United States v. Salyers*, 592 F. App'x 483 (6th Cir. 2015), in which this court held that the district court erred in applying the four-level enhancement under USSG § 3B1.1(a). In the *Salyers* case, however, this court determined that "[n]o one took orders from [the] defendant" and that "the evidence show[ed] that [the] defendant was at most the peer of the others involved in the criminal activity, not their leader." 592 F. App'x at 485. By contrast, Griffin arranged and directed the drug-related activities of several co-defendants. Griffin asserts that he sometimes acted as a supplier for his co-defendants and that his physical limitations as a quadriplegic prevented him from conducting transactions in person. Although a finding that a defendant acted as a supplier does not automatically support an aggravating role enhancement under USSG § 3B1.1, *see United States v. McDonald*, 800 F. App'x 364, 367-68 (6th Cir. 2020), the evidence showed that Griffin's role went beyond supplying his co-defendants with drugs. Griffin also argues that there was no evidence that he recruited his co-defendants or received a larger share of the drug proceeds. Application of the aggravating role enhancement, however, does not require satisfaction of every factor listed in USSG § 3B1.1's commentary. *See Castilla-Lugo*, 699 F.3d at 460.

Recognizing that "[t]he trial judge is most familiar with the facts and is best situated to determine whether someone is or is not a 'leader' of a conspiracy," *United States v. Washington*, 715 F.3d 975, 983 (6th Cir. 2013), we defer to the district court's application of the four-level

enhancement for Griffin's role as an organizer or leader under USSG § 3B1.1(a).  Accordingly,

we **AFFIRM** Griffin's sentence.