RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit Rule 206
File Name: 09a0070p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

_____

UNITED STATES OF AMERICA,

                *Plaintiff-Appellee,*

      *v.*

JACK GROENENDAL,

                *Defendant-Appellant.*

No. 07-2430

Appeal from the United States District Court
for the Western District of Michigan at Grand Rapids.
No. 07-00093-001—Paul Lewis Maloney, Chief District Judge.

Argued: January 22, 2009

Decided and Filed: February 26, 2009

Before: GIBBONS and McKEAGUE, Circuit Judges; SHADUR, District Judge.[*]

_____

## COUNSEL

**ARGUED:** Jeffery S. Crampton, KOERNKE & CRAMPTON, Grand Rapids, Michigan, for Appellant. B. Rene Shekmer, ASSISTANT UNITED STATES ATTORNEY, Grand Rapids, Michigan, for Appellee. **ON BRIEF:** Jeffery S. Crampton, KOERNKE & CRAMPTON, Grand Rapids, Michigan, for Appellant. Andrew Byerly Birge, ASSISTANT UNITED STATES ATTORNEY, Grand Rapids, Michigan, for Appellee.

_____

## OPINION

_____

JULIA SMITH GIBBONS, Circuit Judge. Defendant Jack Groenendal appeals his forty-two month sentence for one count of possession of child pornography. The

---

[*] The Honorable Milton I. Shadur, United States District Judge for the Northern District of Illinois, sitting by designation.

United States District Court for the Western District of Michigan calculated Groenendal's base offense level pursuant to a cross-reference under the United States Sentencing Guidelines ("Guidelines") for trafficking. The district court imposed enhancements for the distribution of prohibited materials in exchange for the receipt of a thing of value and the sadistic or masochistic nature of the materials. The district court also declined to reduce his sentence on account of his "minimal" or "minor" participation. Groenendal claims that the district court erred in calculating his sentence pursuant to the cross-reference to trafficking, applying these enhancements, and denying him a reduction for his minimal role.

For the reasons set forth below, we vacate Groenendal's sentence and remand for resentencing.

I.

The facts of this case are not disputed. Groenendal visited an online Yahoo site, IngasPlace, which contained images of minors engaged in sexually explicit conduct. The site required potential members to submit photographs in order to gain membership, ordering interested individuals to "[p]ost 2 or more photos for invite." Once a potential member posted photographs, the electronic files were automatically emailed out to all of the members. When a person gained membership, he received automatic emails of photographs submitted by other potential members. Groenendal uploaded photographs on May 3, 2003 in order to join IngasPlace. Within a few weeks, Groenendal voluntarily deleted his Yahoo identification for IngasPlace, all of the emails in his IngasPlace inbox, and his IngasPlace account. On May 26, 2003, the Norwegian National Criminal Investigation Service ("KRIPOS") submitted photographs in order to gain membership to IngasPlace. KRIPOS conducted an investigation into the identity of the members of the group and handed over information about twenty-six individuals, including Groenendal, to the United States Immigration and Customs Enforcement ("ICE") Cyber Crimes Center.

ICE deduced Groenendal's identity and contacted Groenendal on January 19, 2005, almost two years after he had deleted his IngasPlace account. Groenendal

confirmed that he had accessed pornography through several Yahoo accounts and admitted that he possessed images depicting minors. He specifically acknowledged possession of four photographs: Image13.jpg, Yc8.jpg, 063BJ.jpg, and 10breakingin.jpg. Groenendal admitted that he had a pornography addiction and had sought professional help. He estimated that he had viewed thousands of adult pornography images over many years and belonged to between eighty and one hundred Yahoo pornography groups. He claimed, however, that he possessed only a handful of images involving children, which he used to gain access to pornography sites.

After being interviewed by ICE but before any charges were brought, Groenendal voluntarily sought help for his pornography addiction, confessing to his wife, his pastor, and his boss. Groenendal joined a support group for pornography addicts and attended weekly meetings for both individual and group counseling. Groenendal continued his weekly counseling sessions for two years, spending more than seven thousand dollars on therapy and becoming a mentor for other pornography addicts.

Approximately two and one half years after being contacted by ICE, and four and one half years after Groenendal deleted his IngasPlace account, Groenendal was charged with possession of child pornography. On May 17, 2007, the United States District Court for the Western District of Michigan accepted Groenendal's guilty plea for one count of possession of images involving minors engaging in sexually explicit conduct in violation of 18 U.S.C. § 2252(a)(4)(B). He pled guilty to possession of three images in his email account in April[1] of 2003: 0143.jpg, 13.jpg, and sissy(19).jpg.

The district court sentenced Groenendal to a total of forty-two months imprisonment followed by three years of supervised release, a fine of $2,580, and a special assessment fee of $100. Pursuant to a cross-reference in the former provision U.S.S.G. § 2G2.4, the district court applied a base offense level of seventeen. The district

---

[1] The governing statute was amended to increase the maximum sentence for possession of child pornography from five to ten years, effective April 30, 2003. *See* 18 U.S.C. § 2252(b)(2). Although KRIPOS detected the photographs that Groenendal uploaded to IngasPlace on May 3, 2003, Groenendal was charged with possession of photographs in April of 2003, permitting him to benefit from the pre-amendment statutory maximum of five years in exchange for his plea of guilty.

court added five levels pursuant to U.S.S.G. § 2G2.2(b)(2)(B) because the offense involved distribution for the receipt of a thing of value, but not for pecuniary gain; four levels pursuant to U.S.S.G. § 2G2.2(b)(3) because the image 10breakingin.jpg portrayed sadistic or masochistic conduct; two levels pursuant to U.S.S.G. § 2G2.2(b)(1) because the material involved a prepubescent minor or a minor under the age of twelve; and two levels pursuant to U.S.S.G. § 2G2.2(b)(5) because a computer was used for the transmission of the material. The district court declined to adjust the sentence downward pursuant to U.S.S.G. § 3B1.2 on account of Groenendal's minimal or minor role. The district court subtracted three levels for acceptance of responsibility and scored the case at a total offense level of twenty-seven and a criminal history category of I. The recommended Guidelines range was seventy to eighty-seven months, but the statutory maximum, and thus the maximum under *United States v. Booker*, 543 U.S. 220 (2005), for possession of child pornography is sixty months. 18 U.S.C.A. § 2252(b)(2) (effective Oct. 30, 1998 to Apr. 29, 2003). In light of the small number of photographs depicting minors that Groenendal possessed, the fact that he "took significant steps to distance himself from child pornography [and] . . . did cancel himself out of those Yahoo accounts, again, before the existence of the investigation was revealed to him," the evidence that Groenendal has rehabilitated himself, the voluminous affidavits stating that Groenendal is a changed man and "a positive force in the counseling group," and the absence of a significant risk of re-offending, the district court departed downward from sixty months to impose a forty-two month sentence. Sentencing Tr. at 66-69.

Groenendal timely appealed his sentence to this court. Pursuant to an order from this court on December 19, 2008, both Groenendal and the government stipulated that the image 10breakingin.jpg is not part of the record before this court.

## II.

We review a district court's sentencing determination for reasonableness. *Gall v. United States*, __ U.S. __, 128 S. Ct. 586, 594 (2007). A review for reasonableness includes considering both procedural and substantive reasonableness. *United States v. Sedore*, 512 F.3d 819, 822 (6th Cir. 2008) (citing *United States v. Liou*, 491 F.3d 334,

337 (6th Cir. 2007)). Procedural error includes "failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." *Gall*, 128 S. Ct. at 597. In reviewing a sentencing calculation for procedural reasonableness, findings of fact made by the district court for sentencing are reviewed for clear error. *United States v. Galloway*, 439 F.3d 320, 322 (6th Cir. 2006). Generally, the adjustments of sentences by enhancements or reductions are mixed questions of law and fact and are reviewed *de novo* by appellate courts. *United States v. Georgia*, 279 F.3d 384, 386-87 (6th Cir. 2002). However, whether a defendant is entitled to a sentence reduction pursuant to U.S.S.G. § 3B1.2 "depends heavily on factual determinations, which we review only for clear error." *United States v. Harris*, 397 F.3d 404, 409 (6th Cir. 2005) (quoting *United States v. Solorio*, 337 F.3d 580, 601 (6th Cir. 2003)). If the sentence is procedurally sound, we then review the sentence for substantive reasonableness under an abuse of discretion standard. *Gall*, 128 S. Ct. at 597.

A.

Groenendal claims that the district court erred in using the trafficking provision instead of the possession provision of the Guidelines to determine the applicable base level for his sentence.[2] Section 2G2.2 was formerly entitled "Trafficking in Material Involving the Sexual Exploitation of a Minor; Receiving, Transporting, Shipping, or Advertising Material Involving the Sexual Exploitation of a Minor; Possessing Material Involving the Sexual Exploitation of a Minor with Intent to Traffic" and provided a base offense level of seventeen. § 2G2.2 (amended 2004) ("Trafficking Provision"). By contrast, § 2G2.4 was entitled "Possession of Materials Depicting a Minor Engaged in Sexually Explicit Conduct" and provided a base offense level of fifteen. § 2G2.4 (repealed 2004) ("Possession Provision"). However, the Possession Provision contained a cross-reference to the Trafficking Provision, directing courts to apply the Trafficking

---

[2]The trafficking and possession provisions have since been consolidated. *See* U.S.S.G. § 2G2.2 (2008). Because the offense occurred in early 2003, the district court applied the 2002 version of the Sentencing Guidelines, which contained separate provisions for trafficking and possession.

Provision "[i]f the offense involved trafficking in material involving the sexual exploitation of a minor (including receiving, transporting, shipping, advertising, or possessing material involving the sexual exploitation of a minor with intent to traffic)." § 2G2.4(c)(2) (repealed 2004). Through this cross-reference, the district court applied the Trafficking Provision's base offense level of seventeen, even though Groenendal was charged with and pled guilty to a violation of the Possession Provision, which has a base offense level of fifteen.

Whether conduct amounts to "trafficking" is a legal question, which this court reviews *de novo*. The Guidelines themselves offer no guidance as to what constitutes "trafficking." Indeed there is very little case law on point, particularly since the offenses of trafficking and possession have since been merged. *See* § 2G2.2 (2008). Groenendal urges this court to rely on *United States v. Farrelly*, 389 F.3d 649 (6th Cir. 2004), which reversed the district court's application of the pre-amendment Trafficking Provision because the defendant had only been an "end user" of child pornography and had no intent to traffic.[3] 389 F.3d at 657. *Farrelly* found that an expansive reading of the Trafficking Provision was "illogical" because it would include all possession offenses: "Only a sterile formalism could require us to apply the guideline for 'receiving,' clearly ensconced as it is in the context of trafficking, when there is no evidence of trafficking beyond the receipt that is inherent every time there is evidence of less culpable 'possession.'" 389 F.3d at 657.

In this case, however, there is evidence of trafficking beyond mere receipt. Groenendal both intended to traffic and engaged in trafficking. *See United States v. Sromalski*, 318 F.3d 748, 751 (7th Cir. 2003) ("There is no doubt that the use of a 'trading' server . . . coupled with actions of both uploading and downloading files, is the kind of trafficking activity to which the cross-reference found in § 2G2.4(c)(2) refers.").[4]

---

[3]*Farrelly* analyzes the differences between the Trafficking Provision and the Possession Provision as they existed before being merged in 2004 and is thus relevant for this analysis.

[4]Groenendal relies on *Sromalski* because it reversed the application of the Trafficking Provision to a defendant convicted only of possession. This case is readily distinguishable because the government in *Sromalski* agreed that the defendant's uploading and downloading of the material should not be relevant conduct for sentencing purposes. The Seventh Circuit noted in *dicta* that had the uploading and

It is undisputed that Groenendal uploaded three pictures, each three times, in order to join a pornography site. Although this entire conduct took place within a time span of less than five minutes, Groenendal did "ship" pornographic materials by sending these three pictures over the internet, engaging in conduct beyond mere possession. Indeed *Farrelly* supports this finding because the court reversed Farrelly's conviction under the Trafficking Provision only because there was "no indication that he ever trafficked, transported, shipped, or advertised such material." 389 F.3d at 657; *see also United States v. Holm*, 326 F.3d 872, 876 (7th Cir. 2003) (same). Groenendal did traffic, transport, or ship materials by posting them to a pornographic website. We therefore affirm the district court's application of the Trafficking Provision and the corresponding base offense level of seventeen.

B.

Groenendal challenges his enhancement pursuant to § 2G2.2(b)(2)(B) for receiving a thing of value because this enhancement does not apply to possession offenses. Groenendal concedes that if we determine that the Trafficking Provision applies, this argument is moot. Because the Trafficking Provision does apply as a cross-reference from the Possession Provision, the district court did not err in enhancing Groenendal's sentence under the Trafficking Provision for receipt of a thing of value.

C.

The district court increased Groenendal's offense level by four because it found that 10breakingin.jpg involved sadistic or masochistic conduct. Both parties stipulated that the image was not part of the record before the district court or on appeal because the charges against Groenendal never included the image 10breakingin.jpg. Without the image before us, we must determine whether the record contains enough information

---

downloading of the images "been part of Sromalski's relevant conduct, we have no doubt that our prior cases would have required the application of the cross-reference [to the Trafficking Provision]." 318 F.3d at 751.

about the content of the image in question to support the enhancement for sadistic or masochistic conduct.

As a threshold matter, there is a no factual dispute as to whether Groenendal possessed 10breakingin.jpg.  Groenendal identified 10breakingin.jpg as an image associated with his pornographic activity years earlier when he was initially interviewed by ICE on January 21, 2005.  Although Groenendal did not plead guilty to possession of 10breakingin.jpg, "sentencing courts may still find facts using the preponderance-of-the-evidence standard." *See United States v. White*, 551  F.3d 381, 383 (6th Cir. 2008) (*en banc*) (quoting *United States v. Mendez*, 498 F.3d 423, 426-27) (6th Cir. 2007) (*per curiam*)).  The district court found that the content of the image was relevant conduct for sentencing purposes because the image was located on Groenendal's computer.

Significantly, the parties also do not dispute that the image portrays vaginal intercourse between an adult male and a prepubescent child.   The presentence investigation report describes the image as depicting "no dominance, bondage, or other level of torture," but "portray[ing] an adult male sexually penetrating a prepubescent female child vaginally."  Presentence Investigation Report Addendum at 2.  Although Groenendal challenged his sentence enhancement for sadistic conduct before both the district and appellate courts, he never disputed the characterization of the content and indeed conceded in oral argument on appeal that the child in the image was prepubescent.  We must therefore determine whether a court can apply an enhancement for sadistic or masochistic conduct when there is no material evidence of the image in question before the court, but both parties stipulate as to the conduct portrayed by the image.

Because the Guidelines do not define what is meant by "sadistic or masochistic conduct," "courts must look to the common meaning of those terms to determine their application."  *United States v. Quinn*, 257 F. App'x 864, 866-67 (6th Cir. 2007).  Looking to Webster's Third New International Dictionary, the Fifth Circuit described "sadism" as "the infliction of pain upon a love object as a means of obtaining sexual release."  *United States v. Lyckman*, 235 F.3d 234, 238 n.19 (5th Cir. 2000).  Other

courts have held that "the application of 2G2.2(b)(3) is warranted when the offense involves the depiction of a sexual act that is 'likely to cause pain in one so young.'" *Lyckman*, 235 F.3d at 238-39 (footnote omitted).

Using these and similar definitions, the First, Second, Fifth, Seventh, Eighth, Ninth, Tenth, and Eleventh Circuits have found that images involving penetrative sex between a prepubescent child and an adult male are *per se* sadistic. *See, e.g.*, *United States v. Hoey*, 508 F.3d 687, 691 (1st Cir. 2007) ("We agree with the many circuits which have found that images depicting the sexual penetration of young and prepubescent children by adult males represent conduct sufficiently likely to involve pain such as to support a finding that it is inherently 'sadistic' or similarly 'violent'. . . . ); *United States v. Delmarle*, 99 F.3d 80, 83 (2d Cir. 1996) ("[S]ubjection of a young child to a sexual act that would have to be painful is excessively cruel and hence is sadistic. . . ."); *Lyckman*, 235 F.3d at 240 ("We are comfortable in following the lead of the Second, Seventh, and Eleventh Circuits by holding that the application of § 2G2.2(b)(3) is warranted when the sexual act depicted is the physical penetration of a young child by an adult male."); *United States v. Myers*, 355 F.3d 1040, 1043 (7th Cir. 2004) (finding vaginal intercourse between a prepubescent girl and an adult male sadistic); *United States v. Belflower*, 390 F.3d 560, 562 (8th Cir. 2004) ("[I]mages involving the sexual penetration of a minor girl by an adult male and images of an adult male performing anal sex on a minor girl or boy are per se sadistic or violent within the meaning of U.S.S.G. § 2G2.2(b)(3)."); *United States v. Rearden*, 349 F.3d 608, 616 (9th Cir. 2003) ("We join these circuits, and hold that the district court did not improperly apply § 2G2.2(b)(3) after finding that the images depicted subjection of a child to a sexual act that would have to be painful, and thus sadistic."); *United States v. Kimler*, 335 F.3d 1132, 1143 (10th Cir. 2003) (finding no expert testimony necessary for a sentence enhancement when the images depicted penetration of prepubescent children by adults); *United States v. Hall*, 312 F.3d 1250, 1262-63 (11th Cir. 2002) (holding that images of an adult male vaginally or anally penetrating a young child are *per se* sadistic and do not require expert testimony "because such penetration would necessarily be painful"). In our own court, we have twice adopted this reasoning in unpublished

dispositions. *United States v. Quinn*, 257 F. App'x 864, 867 (6th Cir. 2007) (relying on *Lyckman* to conclude that "penetrative sex between adults and prepubescent children is inherently sadistic"); *United States v. Fuller*, 77 F. App'x 371, 383 (6th Cir. 2003) (same).

Groenendal challenges his sentencing enhancement, claiming that a photograph of a minor engaged in sexual intercourse with an adult male may be revolting, but it is not *per se* sadistic or masochistic for purposes of U.S.S.G. § 2G2.2(b)(3). Based on this court's precedent and that of our sister circuits, we find overwhelming support for the district court's determination that the image depicted a sexual act that is likely to have been painful, and we hold today that penetration of a prepubescent child by an adult male constitutes inherently sadistic conduct that justifies the application of § 2G2.2(b)(3). Because the image 10breakingin.jpg depicted vaginal intercourse between a prepubescent girl and an adult male, we find that the enhancement for sadistic conduct was properly applied.[5]

## D.

Groenendal argues that the district court improperly denied his request for a downward adjustment pursuant to U.S.S.G. § 3B1.2. Section 3B1.2 allows for adjustment of a defendant's sentence by four levels if he can show by a preponderance of the evidence that he was a "minimal" participant and by two levels if he can show that he was a "minor" participant in the criminal activity. *See United States v. Bailey*, 488 F.3d 363, 369 (6th Cir. 2007).

The threshold issue is whether § 3B1.2 can apply to a conviction involving only one participant charged with criminal conduct. Section 3B1.2 states that it "is not applicable unless more than one participant was involved in the offense." § 3B1.2, cmt. n.2. However, § 3B1.2 does not require that the other "participants" be charged with the

---

[5]We note that the other courts to consider this question had the images before them and emphasize that our holding today is permitted only by the stipulation of both parties as to the content of the image. If Groenendal had disputed whether the image depicted penetration or whether the minor was prepubescent, such a determination could not have been reached.

crime.  *United States v. Allen*, Nos. 06-1318 /1496, 2007 WL 2446013, at *7 (6th Cir. Aug. 29, 2007); *see United States v. Sanchez*, 85 F. App'x 463, 467 (6th Cir. 2003) ("[A] defendant's eligibility for a reduction under this section is not determined solely on the basic elements and acts cited in the count of the conviction.") (internal quotation marks and citation omitted).  The district court must look beyond the defendant's conviction to all relevant conduct in making its determination.  *Allen*, 2007 WL 2446013, at *7. Even a sole defendant charged with criminal conduct is entitled to a reduction under § 3B1.2 if his conduct is less culpable than others involved in relevant conduct.  *Id.* (holding that "the district court did not err in determining that the [§ 3B1.2] guideline was applicable . . . even though the defendant was the sole participant of the offense" when it also found another individual more culpable in the offense than the defendant); *United States v. Snoddy*, 139 F.3d 1224, 1233 (8th Cir. 1998) ("[T]he sentencing judge's conclusion that U.S.S.G. § 3B1.2 did not permit a 'minor participant' reduction to a defendant pleading guilty to a 'sole participant' offense is inconsistent with current law and must be reversed."); *United States v. Caballero*, 936 F.2d 1292, 1299 (D.C. Cir. 1991) ("[W]e see no barrier to a trial court's conclusion that a defendant convicted of [possession] can be a 'minor' participant.").

The district court in this case denied the application of § 3B1.2, stating its ruling as follows:  "There is, in the Court's judgment, only one participant in this case, and that's Mr. Groenendal, and Note 2 [of § 3B1.2] clearly requires, in the Court's judgment, that more than one participant be involved in a particular crime in order to allow the application of minimal role."  Sentencing Tr. at 18.  The district court's statement is ambiguous and susceptible to multiple interpretations.  As a statement of law, the district court, in finding "one participant in this case," erred by precluding application of § 3B1.2 to Groenendal's possession offense due to his status as sole participant.  Section 3B1.2 can apply, as explained above, even when only one participant is charged in the offense.  *See, e.g.*, *United States v. Bowen*, 437 F.3d 1009, 1020 (10th Cir. 2006) (considering whether "the district court based its ruling on an erroneous conclusion that it was without authority to grant a [§ 3B1.2] mitigating role adjustment" when defendant was the only one charged with the criminal conduct); *United States v. Yater*, 328 F.3d

1008, 1009 (8th Cir. 2003) (reversing and remanding for resentencing on the following grounds: "The Court seems to have thought that a minor-role adjustment was ruled out as a matter of law because defendant was the only participant in the crime charged as it was alleged in the indictment. We do not believe that the law imposes such an absolute limitation.").

Under a separate permissible reading, the district court's statement could have been a finding of fact that Groenendal was the sole participant in not only the charged offense, but also in all relevant conduct, prohibiting application of § 3B1.2. *See United States v. Anderson*, 526 F.3d 319, 328 (6th Cir. 2008) (reversing the application of § 3B1.2 when the defendant was solely responsible for the criminal activity). Such a factual conclusion, however, is inconsistent with the district court's other findings: Groenendal cannot both be guilty of trafficking and also be the only participant in all relevant conduct. In other words, he cannot be guilty of trafficking for purposes of sentencing enhancements and guilty of only possession for purposes of sentencing reductions. Even under the deferential standing of clear error, *Bailey*, 488 F.3d at 369, we find such a conclusion erroneous. The offense of trafficking, statutorily described as "including receiving, transporting, shipping, advertising, or possessing material involving the sexual exploitation of a minor with intent to traffic," § 2G2.4(c)(2), necessarily involves more than one person. As conceded by the government at oral argument on appeal, Groenendal's criminal conduct included both uploading images and downloading images. Such activity cannot happen in isolation; the images must be sent to someone and received from someone. Once the district court found that Groenendal participated in trafficking, it erred by not considering a reduction under § 3B1.2.

On remand, the district court must determine whether Groenendal has shown by a preponderance of the evidence that he was a "minimal" or "minor" participant in trafficking child pornography. "A minimal participant is one who is 'plainly among the least culpable of those involved in the conduct of a group,' and a minor participant is one who 'is less culpable than most other participants, but whose role could not be described as minimal.'" *United States v. Bartholomew*, 310 F.3d 912, 924 (6th Cir. 2002) (quoting

§ 3B1.2, cmt. nn.1, 3 (1998)); *see also United States v. Allen*, 516 F.3d 364, 374 (6th Cir. 2008). The statutory commentary clarifies that § 3B1.2 is applicable for a defendant who is "substantially less culpable than the average participant." § 3B1.2, cmt. n.3(A). Groenendal was charged with uploading three images, three times, in a span of less than five minutes. He swiftly abandoned his criminal conduct, deleting his account at IngasPlace two years before any knowledge of a criminal investigation into his activities. At sentencing, the government agreed that if the district court found that the trafficking cross-reference applied, Groenendal's position that he was "substantially less culpable than the average participant," who may upload or download far more images, had "some logic":

> Your Honor, it is the opinion of the agent and myself that the number of images involved here is less than a norm – than the normal is a case of this type. And it is true that the defendant is caught – was caught and is before the Court here basically because he sent three images to a Norwegian undercover officer who referred the matter through channels to the United States. So if we do expand it to the idea of trafficking, there is some logic to the defendant's position.

Sentencing Tr. at 17. Of importance is also Groenendal's undisputed and remarkable repentance; unlike most pornography addicts, he sought professional help on his own initiative and has reformed his behavior.[6] *See United States v. Jackson*, 55 F.3d 1219, 1225 (6th Cir. 1995) ("[Defendant's] actions must be compared with those of the average participant in a similar scheme."). A determination of whether to apply § 3B1.2 "is heavily dependent upon the facts of the particular case." § 3B1.2 cmt. n.3(C).

---

[6]Commentary to § 3B1.2 states that "[i]f a defendant has received a lower offense level by virtue of being convicted of an offense significantly less serious than warranted by his actual criminal conduct, a reduction for a mitigating role . . . ordinarily is not warranted." § 3B1.2 cmt. n.3(B). On appeal, the government relied on this language to argue that § 3B1.2 was inapplicable because Groenendal was charged with a less serious offense than warranted by his criminal conduct. The government argued that because Groenendal was sentenced under the comparatively more lenient 2002 Guidelines, he was convicted of a less serious offense. Groenendal's conviction was made neither more nor less serious by the application of the 2002 Guidelines. That the government agreed to backdate the charge in exchange for a plea of guilty is an aspect of the plea bargain that we will not review. *See United States v. Bradley*, 400 F.3d 459, 464-65 (6th Cir. 2005) (discussing the risks of courts disturbing plea agreements).

Any argument that Groenendal's conviction for possession qualifies as a less serious offense similarly fails because Groenendal was sentenced under the trafficking provision. The government cannot have it both ways and view Groenendal's conviction as trafficking for the applicability of sentencing enhancements but as possession for the applicability of reductions.

Accordingly, we remand the inquiry to the district court to decide the matter in the first instance.

### III.

For the foregoing reasons, we vacate Groenendal's sentence because the district court erred in failing to consider whether a reduction under § 3B1.2 is appropriate and remand the case for resentencing consistent with this opinion.