NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 14a0366n.06

No. 13-3904

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
May 15, 2014
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE SOUTHERN DISTRICT OF |
| IVAN NUNEZ-LIZZARRAGA, | ) | OHIO |
| | ) | |
| Defendant-Appellant. | ) | |

BEFORE: BOGGS and CLAY, Circuit Judges; COHN, District Judge.[*]

PER CURIAM. Ivan Nunez-Lizzarraga, a federal prisoner, appeals through counsel the sentence imposed following his guilty plea to a charge of possessing with intent to distribute more than 100 grams of heroin.

The statutory mandatory minimum sentence for this offense is five years. The presentence report calculated Nunez-Lizzarraga's sentencing guideline range at 87 to 108 months. The district court varied downward and sentenced Nunez-Lizzarraga to 75 months. The district court rejected Nunez-Lizzarraga's argument that he was entitled to a two-level reduction in the offense level for his minor role, pursuant to USSG § 3B1.2(b), which would have changed the guideline range to 70 to 87 months. Nunez-Lizzarraga reasserts this argument on appeal.

A sentence may be procedurally unreasonable where the district court fails to properly calculate the guidelines range. *Gall v. United States*, 552 U.S. 38, 51 (2007). We review a

---

[*]The Honorable Avern Cohn, United States District Judge for the Eastern District of Michigan, sitting by designation.

factual determination relevant to the denial of a minor role reduction for clear error. *United States v. Groenendal*, 557 F.3d 419, 422-23 (6th Cir. 2009); *United States v. Latouf*, 132 F.3d 320, 332 (6th Cir. 1997). The defendant must prove by a preponderance of the evidence that he was a minor participant. *United States v. Salgado*, 250 F.3d 438, 458 (6th Cir. 2001).

In this case, Nunez-Lizzarraga maintained that he was only delivering the 822 grams of heroin found in his motel room at the direction of a man in Arizona, who had not yet contacted him about where the drugs were to be delivered. However, the government presented evidence that law enforcement officials observed Nunez-Lizzarraga engaged in suspicious activity that resembled a drug transaction in the parking lot of a casino. Also, a man who visited Nunez-Lizzarraga's motel room, Joaquin Reyes, was followed and eventually stopped while driving from the motel. Reyes admitted to selling an ounce of heroin at one of the houses where he had been observed making a brief visit after leaving the motel. The occupants of the house corroborated that story. Reyes stated that he had been hired by Nunez-Lizzarraga to help drive from Arizona and sell the heroin, and that Nunez-Lizzarraga had previously been in the drug distribution business in Columbus, Ohio. While the district court did not give much weight to Reyes' statement, it did find that Nunez-Lizzarraga's observed behavior and the sale of heroin by Reyes indicated that there was more taking place in this case than Nunez-Lizzarraga's statement that he was a mere courier. Therefore, the court found that Nunez-Lizzarraga did not bear his burden of proving by a preponderance of the evidence that he was only a minor participant. Because the record shows no clear error in the district court's determination that Nunez-Lizzarraga was not eligible for a minor-role adjustment, we **AFFIRM** the district court's judgment.