RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)
File Name: 15a0213p.06

# UNITED STATES COURT OF APPEALS

FOR THE SIXTH CIRCUIT

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

No. 14-3641

MARCUS W. COVER,

*Defendant-Appellant.*

Appeal from the United States District Court
for the Northern District of Ohio at Akron.
No. 5:14-cr-00015—Christopher A. Boyko, District Judge.

Decided and Filed:  September 1, 2015

Before:  GILMAN, ROGERS, and SUTTON, Circuit Judges.

_____

**COUNSEL**

**ON BRIEF:**  Joseph V. Pagano, Rocky River, Ohio, for Appellant.  Laura McMullen Ford, UNITED STATES ATTORNEY'S OFFICE, Cleveland, Ohio, for Appellee.

_____

**OPINION**

_____

PER CURIAM.  Defendant Marcus Cover pled guilty to violating a federal child pornography statute.  He now raises several objections to his sentence.  A remand is required because there was not sufficient evidence to support a Guideline enhancement for material depicting sadistic conduct.  Cover's other objections are without merit.

**I.**

In September 2013, an FBI agent downloaded multiple files depicting children engaged in sexually explicit conduct from Cover's computer.  The government arrested Cover, who pled guilty to distributing child pornography over the Internet.  *See* 18 U.S.C. § 2252(a)(2).  The court calculated a sentencing guidelines range of 262 to 327 months, which included:  (1) a two-level increase for distributing material involving the sexual exploitation of a minor, U.S.S.G. § 2G2.2(b)(3)(F); (2) a two-level increase for distributing material involving a minor under the age of 12, *id.* § 2G2.2(b)(2); (3) a four-level increase for distributing material that portrays violent or sadistic conduct, *id.* § 2G2.2(b)(4); and (4) a five-level increase for engaging in a pattern of activity involving the sexual exploitation of a minor, *id.* § 2G2.2(b)(5).

After considering Cover's situation and the circumstances of the offense, the district court sentenced him to 240 months in prison.  The court also ordered as a special condition of supervised release that Cover could not "own or possess any type of camera, photographic device, and/or . . . video recording equipment without the written approval of [his] probation officer."

On appeal, Cover challenges each of the enhancements as procedurally unreasonable and the length of the sentence and the special condition on supervised release as substantively unreasonable.  The challenge to the sadistic-portrayal enhancement, however, is the only objection warranting reversal.

**II.**

When a probation officer investigates the background and character of a defendant and publishes her findings in a presentence report, the district court is permitted to rely upon those facts at sentencing unless there is a "dispute."  Fed. R. Crim. P. 32(i)(3); *United States v. Lang*, 333 F.3d 678, 681 (6th Cir. 2003).  To create a factual dispute, a defendant "must produce some evidence that calls the reliability or correctness of the alleged facts into question"—a burden of production that requires "more than a bare denial."  *Lang*, 333 F.3d at 681 (quoting *United States v. Mustread*, 42 F.3d 1097, 1102 (7th Cir. 1994)).  Only when a defendant produces "*some evidence*" contradicting the presentence report must a district court, at sentencing, engage in

factfinding of its own. *United States v. Adkins*, 729 F.3d 559, 570 (6th Cir. 2013). With one exception, however, Cover's factual objections to the presentence report were "bare denials," and his legal objections are meritless.

**A.**

*First*, Cover objects to the two-level enhancement for distributing material involving the sexual exploitation of a minor. *See* U.S.S.G. § 2G2.2(b)(3)(F). The guidelines define "distribution" as "any act . . . related to the transfer of material involving the sexual exploitation of a minor," including "posting material involving the sexual exploitation of a minor on a website for public viewing." *Id.* cmt. n.1. Cover concedes that he knowingly used a file-sharing program and that the program permitted an FBI agent to download illicit material from Cover's hard drive. Still, Cover argues that the enhancement should not apply because he "had no intent to engage in distribution."

Yet intent in this respect is not an element of the two-level distribution enhancement. The "knowing use of [a file-sharing program], much like the posting of a file on a website, is sufficient." *United States v. Conner*, 521 F. App'x 493, 500 (6th Cir. 2013); *see also United States v. Bolton*, 669 F.3d 780, 781–83 (6th Cir. 2012). Thus, even if Cover did not realize that an FBI agent could download child pornography files from Cover's computer, he acknowledges that he knowingly used a file-sharing program that could distribute his files. That suffices to justify the enhancement.

**B.**

*Second*, Cover objects to his two-level enhancement for an offense that involves material depicting a minor under the age of 12. *See* U.S.S.G. § 2G2.2(b)(2). According to the government's presentence report, Cover's computer contained an image of a prepubescent girl holding an adult man's penis in her hands. Cover objected to the accuracy of this statement, noting that the affidavit attached to the criminal complaint mentioned images only of children older than 12. But the government's evidence at sentencing is not limited to the affidavits that established the probable cause necessary to bring its criminal complaint. *See United States v. Cooper*, 739 F.3d 873, 884 (6th Cir. 2014) (noting that the guidelines may be triggered by

judicial factfinding). And "[a] defendant cannot show that a PSR is inaccurate by simply denying the PSR's truth. Instead, beyond such a bare denial, he must produce *some evidence* that calls the reliability or correctness of the alleged facts into question." *Adkins*, 729 F.3d at 570 (quoting *Lang*, 333 F.3d at 681). Cover at best has shown that the evidence in the criminal complaint, considered alone, would not be sufficient to justify this enhancement. But he has produced nothing to contradict any of the evidence in the presentence report that does justify the enhancement.

Cover alternatively maintains that the district court should have viewed the image described by the presentence report before overruling his objection. But without *some evidence* disputing the content of the image, the district court was permitted to rely on the presentence report's accuracy. Fed. R. Crim. P. 32(i)(3)(A); *United States v. Gerick*, 568 F. App'x 405, 410 (6th Cir. 2014); *cf. United States v. Groenendal*, 557 F.3d 419, 425 (6th Cir. 2009). And the government offered to show the district court the objected-to image in case Cover disputed what it contained. Because Cover's second objection is nothing more than a "bare denial," we reject it. *Adkins*, 729 F.3d at 570.

## C.

*Third*, however, there is merit to Cover's objection to his four-level enhancement for an offense involving material that portrays sadistic conduct or depictions of violence. *See* U.S.S.G. § 2G2.2(b)(4). Some background is in order. As to this enhancement, the PSR said as follows: "Pursuant to subsection (b)(4), if the offense involved material that portrays sadistic or masochistic conduct or other depictions of violence, increase by 4 levels. One of the videos found on the defendant's computer depicted an 11 to 13 year old female engaging in oral to genital intercourse with a male." In response to the PSR, Cover filed written objections. As to this proposed enhancement, he said only this in his objection: "We object to the 4 level increase for material that involves sadistic or masochistic conduct. There is no indication of violence." Cover said only this in his sentencing memorandum: "Defendant believes that the 4 level increase for material that portrays sadistic or masochistic conduct or other depictions of violence, pursuant to Section 2G2.2(b)(4) is also erroneous. The images on Defendant's computer that depicted sexual conduct did not involve violence, sadistic or masochistic conduct." The

probation officer responded: "This enhancement was applied because one of the videos found on the defendant's computer depicted an 11 to 13 year old female engaging in oral to genital intercourse with a male. The actual penetration of the child is considered to be sadistic and/or masochistic." Cover did not offer any further argument on this score—whether through a new written objection or through an oral objection at the beginning of the sentencing hearing. Consistent with the recommendation of the probation officer and consistent with Cover's failure to respond to the officer's explanation, the district court imposed the four-level increase to Cover's advisory guidelines range. In the court's words: "One of the videos found on his computer depicted an 11 to 13 year-old female engaging in oral and genital intercourse with a male. That is considered to be sadistic or masochistic as a matter of law." Cover did not raise any objection to this analysis, even after the district court asked whether he had any other objections to the proposed sentence.

Under our precedents, there was not sufficient evidence to support the sadism enhancement. Application of that enhancement increased defendant's guideline range by more than 7 years. The only indication in the record that sadistic conduct was portrayed is the fact that the victim was 13 years old or younger and that she engaged in oral sex with a man. There is no indication that she was visibly pained or prepubescent. Downloading and distributing such material is certainly despicable, harmful to the victim, and legitimately deserving of harsh punishment. But if the material does not portray sadism, then the punishment should not be increased on that basis.

U.S.S.G. § 2G2.2(b)(4) provides that a defendant's base offense level shall be increased by four levels "[i]f the . . . material . . . portrays sadistic or masochistic conduct or other depictions of violence." The general meaning of sadism is "the infliction of pain upon a love object as a means of obtaining sexual release." *Webster's Third New International Dictionary* 1997−98 (2002); *see also United States v. Groenendal*, 557 F.3d 419, 425 (6th Cir. 2009). Under our precedent, there are two ways to show that an image is sadistic: (1) offer evidence that the image depicts the sexual penetration of a prepubescent child, in which case we presume that the image is "inherently sadistic," *United States v. Corp*, 668 F.3d 379, 390 (6th Cir. 2012); *Groenendal*, 557 F.3d at 426, largely because such conduct is "likely to cause pain in one so

young," *Corp*, 668 F.3d at 390; or (2) offer evidence that the image depicts violence or the "infliction of pain," either mental or physical. The government has not shown either.

There is no indication in the record that the image depicted violence or the infliction of pain, either mental or physical. It is very culpable to have and distribute an image depicting a 13-year-old or younger victim engaged in oral sex with a man, but such a depiction is not automatically—without more—sadistic. As sad as it is, there is no denying that many eighth-graders these days voluntarily engage in oral sex, presumably without experiencing pain.

Remand is accordingly required by our decision in *United States v. Corp*, 668 F.3d 379 (6th Cir. 2012). In *Corp* we held that oral penetration of a non-prepubescent child—even with greater evidence of the humiliating nature of the fellatio than in the present case—required resentencing to determine whether the images showed the infliction of pain. We distinguished other cases on the ground that "the photographs do not depict a prepubescent child and [the child's] expression does not seem to convey what could objectively be perceived as a manifestation of humiliation or disgust." *Id.* at 390. We explained as follows:

> [T]he court must consider what the material at issue actually portrays rather than making subjective determinations about the thoughts or intentions of the specific individuals being depicted. In other words, whether an adult in the image is in fact intending to inflict physical or mental pain and whether the minor in fact experiences such pain are immaterial. Rather, the court must determine, based on the contents within the four corners of the image, whether the circumstances being portrayed are such that an outsider would perceive them as depicting the infliction of pain or humiliation on the minor. In sum, we hold that in order to apply the § 2G2.1(b)(4) enhancement, a sentencing court must determine by a preponderance of the evidence that an image or material (1) depicts sexual activity involving a minor and (2) portrays conduct that would cause an objective viewer to believe—without regard to the undepicted circumstances of the sexual encounter—that the pictured activity is inflicting physical pain, emotional suffering, or humiliation on that minor.

*Id.* at 389−90. This is not to say that the district court must view images before determining whether there is sadism; nor is it to say that the depiction of a 13-year-old girl engaging in oral sex with a man can never be sadistic. But the determination outlined in *Corp* must be made to show that there was a portrayal of sadism.

It is true that, as we have held in our published decision in *Groenendal*, "penetration of a prepubescent child by an adult male constitutes inherently sadistic conduct." *Groenendal*, 557 F.3d at 426. That case is different from both *Corp* and this case because in *Groenendal* the victim was clearly prepubescent. Here, the only indication in the record relevant to whether the victim was prepubescent is that she was 11- to 13-years old. The only possible rationale in this case for a prepubescence determination is that because the victim was 11- to 13-years old, she was probably prepubescent. Nothing supports such an assumption. "[I]n girls, puberty usually starts around 11 years of age,"[1] and the Sentencing Guidelines themselves use "prepubescent minor" and "minor who has not attained the age of 12" together. U.S.S.G. § 2G2.2(b)(2).

Cover adequately raised an objection to the sadism enhancement, arguing that the image described was not violent. Cover cannot be faulted for not having contended that the child portrayed in the video was not prepubescent. Neither the presentence report nor the district judge ever stated that the 11-to-13-year-old child in the allegedly sadistic video was "prepubescent," and no precedent indicates that an 11-to-13 year old is even presumptively—let alone always—considered prepubescent under the guidelines. Cover can hardly be faulted for failing to address an argument not presented below.

As in *Corp*, the most appropriate course is to leave to the district court the determination whether the sadism-portrayal enhancement applies in light of the proper standard.

**D.**

*Fourth*, Cover objects to the five-level enhancement for engaging "in a pattern of activity involving the sexual abuse or exploitation of a minor." U.S.S.G. § 2G2.2(b)(5). The guidelines define a "pattern" to mean "any combination of two or more separate instances of the sexual abuse or sexual exploitation of a minor by the defendant, whether or not the abuse or exploitation . . . occurred during the course of the offense." *Id.* cmt. n.1. "Sexual abuse or exploitation," in turn, includes sexual conduct with a person at least 12 years old and not yet 16 who "is at least four years younger than the person so engaging." *Id.*; 18 U.S.C. § 2243(a). The district court

---

[1] *See, e.g., For Parents: What to Expect When Your Child Goes Through Puberty*, FAMILYDOCTOR.ORG, http://familydoctor.org/familydoctor/en/teens/puberty-sexuality/puberty-what-to-expect-when-your-child-goes-through-puberty.html.

based this enhancement on Cover's prior state felony conviction for taking indecent liberties with a 12 year old when he was 16, as well as his polygraph testimony that while he was on probation for this felony he had sex with 14- and 15-year-old girls when he was 17 and 18.

Cover claims that his conviction in fact involved a 15-year-old victim. But he again failed to support this point with "*some evidence*" that contradicted the evidence on which the court relied. *See Adkins*, 729 F.3d at 570. Nor has Cover disputed that his sexual conduct while on probation was a separate instance of "sexual abuse or exploitation." *See* U.S.S.G. § 2G2.2(b)(5). The district court did not err in relying on the presentence report's investigation.

**E.**

*Fifth*, Cover objects to the substantive reasonableness of his 240-month sentence. Because of our remand with respect to the sadism-portrayal enhancement, it is premature for us to rule on the substantive reasonableness of the overall sentence.

**F.**

*Sixth*, Cover objects to the district court's imposition of a special condition of supervised release: that Cover "not own or possess any type of camera, photographic device, and/or equipment, including video recording equipment without the written approval of the probation officer." The question is not whether we would have imposed the condition; it is whether the district court abused its discretion in imposing the condition. *United States v. Carter*, 463 F.3d 526, 528–29 (6th Cir. 2006). As to that, all we ask is "whether the district court adequately stated in open court at the time of sentencing its rationale for mandating special conditions of supervised release," and whether the "condition of supervised release is reasonably related to the dual goals of probation[:] the rehabilitation of the defendant and the protection of the public." *United States v. Brogdon*, 503 F.3d 555, 563 (6th Cir. 2007) (quoting *Carter*, 463 F.3d at 529, and *United States v. Ritter*, 118 F.3d 502, 504 (6th Cir. 1997)) (internal quotation marks omitted).

Cover argues that the condition is substantively unreasonable because it is "overly broad" and there is no evidence that he used cameras or photographic devices in the commission of his offenses. But Cover possessed more than 600 images of child pornography, he was convicted

before for an offense involving a minor, and he admitted to continuing to view child pornography and continuing to have sex with minors despite this earlier conviction. It was not unreasonable for the district court to conclude that a probation officer's supervision might be necessary to protect the public and deter Cover from collecting new images for himself. *See also United States v. Morrison*, 771 F.3d 687, 695–96 (10th Cir. 2014) (collecting cases from other circuits upholding camera restrictions even where the defendant did not use a camera to commit his offense). No abuse of discretion occurred.

For these reasons, we vacate and remand the district court either to resentence Cover or to make the requisite factfinding needed for the sadism-portrayal enhancement.