NOT RECOMMENDED FOR PUBLICATION
File Name: 20a0277n.06
Case No. 19-5949

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
May 18, 2020
DEBORAH S. HUNT, Clerk

| | |
|---|---|
| UNITED STATES of AMERICA, | ) |
| | ) |
| *Plaintiff-Appellee*, | ) |
| | ) |
| v. | ) ON APPEAL FROM THE |
| | ) UNITED STATES DISTRICT |
| CHARLES E. JOHNSON, JR., | ) COURT FOR THE EASTERN |
| | ) DISTRICT OF KENTUCKY |
| *Defendant-Appellant*. | ) |

Before: BATCHELDER, LARSEN, and MURPHY, Circuit Judges.

ALICE M. BATCHELDER, Circuit Judge. Following Charles E. Johnson, Jr.'s conviction for securities fraud and related offenses, the United States District Court for the Eastern District of Virginia sentenced him to 108 months in prison and ordered $9.7 million in restitution. The court also ordered three years of supervised release, and upon his release in 2016, ordered him to pay $300 per month towards restitution based on the financial information he provided. In May 2016, that court transferred Johnson's supervision to the United States District Court for the Eastern District of Kentucky. In March 2019, Johnson's supervising probation officer petitioned the court to revoke Johnson's supervised release, claiming that Johnson had violated the conditions of his supervised release by intentionally making material misstatements on his Probation Form 48D, making a false statement to the probation officer about using investor money to gamble, and failing to report his gambling losses on his 2018 and 2019 monthly financial reports, all in violation of 18 U.S.C. § 1001. In June 2019, the district court held a hearing on the petition, which was a de facto trial with each side presenting three witnesses. All witnesses were subject to direct examination, cross-examination, and re-direct examination, and at least two witnesses were

questioned directly by the judge. At the close of the evidence, the court ordered briefing and scheduled a follow-up hearing for final argument, which was held on August 2, 2019.

The court found that Johnson had committed all four violations of 18 U.S.C. § 1001 as alleged and revoked his supervised release. *United States v. Johnson*, No. 5:16-cr-045, 2019 WL 3554701 (E.D. Ky. Aug. 5, 2019). Following a sentencing hearing, the court sentenced Johnson to ten months in prison, to be followed by 26 months of supervised release, and placed certain restrictions on his post-release activities, including restricting his solicitation of investors and restricting his use of electronic devices. Johnson appeals the revocation and sentence.

Based on our careful review of the record testimony and evidence, we are not convinced that the government proved by a preponderance of the evidence that Johnson gambled his personal money, had personal money in "bank accounts" at the casinos, necessarily lied about gambling an investor's money, failed to disclose personal gambling losses, or intentionally made material misstatements or omissions on the 48D Forms about any of the gambling issues. But we need not dwell on this issue because this does not end the case, and ultimately does not matter here.

"We review a district court's decision to revoke supervised release for abuse of discretion, giving fresh review to its legal conclusions and clear-error review to its fact findings." *United States v. Kontrol*, 554 F.3d 1089, 1091-92 (6th Cir. 2009) (citations omitted). "We review sentences imposed following revocation of supervised release under the same abuse of discretion standard that we apply to sentences imposed following conviction, which means that we may overturn a sentence only if it is procedurally or substantively unreasonable." *Id*. at 1092 (quotation marks, editorial marks, and citations omitted). To revoke a defendant's term of supervised release, the district court must "find[] by a preponderance of the evidence that the defendant violated a condition of supervised release." 18 U.S.C. § 3583(e)(3); *United States v. Givens*, 786 F.3d 470,

471 (6th Cir. 2015). Under the preponderance standard, the government must produce evidence to prove the defendant "more likely than not" committed the violation. *United States v. Catching*, 786 F. App'x 535, 539 (6th Cir. 2019). Here, the government accused Johnson of violating 18 U.S.C. § 1001(a), which—in its ordinary application—comprises five elements: (1) a statement that was (2) false or fraudulent, (3) material, (4) made knowingly and willfully, and (5) "pertained to an activity within the jurisdiction of a federal agency." *United States v. Siemaszko*, 612 F.3d 450, 462 (6th Cir. 2010) (citation omitted). Because § 1001(a) prohibits the knowing and willful concealment of material facts, an omission may serve as statement when the defendant has "a duty to disclose the information allegedly concealed." *United States v. Gibson*, 409 F.3d 325, 332 (6th Cir. 2005). When the accusation includes multiple statements or omissions, we will uphold the finding of a violation "where there was sufficient evidence for at least one." *Siemaszko*, 612 F.3d at 463 (citation and emphasis omitted).

The government alleged that Johnson violated § 1001(a) because he knowingly and willfully concealed or covered up a material fact by omitting certain required disclosures from his Probation Form 48; namely, that—among others—he failed to disclose his controlling interest in the JW2 company bank account, which he used to pay personal expenses. The government produced evidence that Johnson knowingly and willfully omitted this account from his Form 48, but that he had a duty to report it because of his control over it and his exercise of that control for his personal use, such as making car payments and writing checks to himself for cash.

A statement is material if it has "a natural tendency to influence, or be capable of influencing, the decision of the decision-making body to which it was addressed." *United States v. Gaudin*, 515 U.S. 506, 509 (1995); *United States v. Ahmed*, 472 F.3d 427, 434 (6th Cir. 2006). The government argued, and the district court found, that this omission was material because it

3

disguised Johnson's true net worth or financial resources, which would affect the calculation of his monthly restitution payments. *Johnson*, 2019 WL 3554701, at *4. We find no error in this factual determination or abuse of discretion in the court's revocation decision on this basis.

Johnson argues that his sentence is substantively unreasonable because it is excessive, it is punitive, and it is based on the court's impermissible consideration of "the need to promote respect for the law" under 18 U.S.C. § 3553(a)(2)(A), which is not an articulated factor for consideration under § 3583(e), the provision for sentencing upon the revocation of supervised release. The record reflects that the court calculated Johnson's advisory range at four to ten months, considered the § 3553 factors, and sentenced him to ten months. A sentence within the advisory range, such as this one, is presumptively reasonable and we "give[] sentencing courts broad discretion to fashion individualized, fact-driven sentences without interference." *United States v. Boucher*, 937 F.3d 702, 708 (6th Cir. 2019). Moreover, we have held "that it does not constitute reversible error to consider § 3553(a)(2)(A) when imposing a sentence for violation of supervised release, even though this factor is not enumerated in § 3583(e)." *United States v. Lewis*, 498 F.3d 393, 399-400 (6th Cir. 2007). Johnson also argues that the restrictions on his soliciting clients, raising money, and use of electronic devices are substantively unreasonable. We will uphold special conditions of supervised release that are "reasonably related to the dual goals of probation: the rehabilitation of the defendant and the protection of the public." *United States v. Cover*, 800 F.3d 275, 282 (6th Cir. 2015) (quotation and editorial marks omitted). The district court considered Johnson's history, including this supervised-release violation and accusations, and concluded that the restrictions would effectuate his supervision, promote his rehabilitation, and protect the public. On whole, the district court did not abuse its discretion in this sentencing.

Finally, Johnson argues that *United States v. Haymond*, 139 S. Ct. 2369 (2019) (plurality), requires that a supervised-release violation must be tried to a jury and proven beyond a reasonable doubt before additional punishment may be imposed. This is incorrect. The holding in *Haymond*, which comes from the concurrence, is only "that § 3583(k)[] is unconstitutional." *Id*. at 2386 (Breyer, J., concurring in the judgment); *see id*. (Alito, J., dissenting) (stating that "today's holding, which is set out in Justice BREYER's opinion, . . . is narrow and has saved our jurisprudence from the consequences of the plurality opinion"). Because Johnson's supervised-release revocation and resentencing did not involve § 3583(k), the holding in *Haymond* does not apply.

For the foregoing reasons, we AFFIRM the judgment of the district court.

**LARSEN, Circuit Judge, concurring in part and concurring in the judgment in part.**

I join the opinion of the court, with the exception that I would affirm the district court's determination that the government proved all four violations of Johnson's supervised-release conditions by a preponderance of the evidence. Nevertheless, the outcome is the same—the district court did not abuse its discretion by revoking Johnson's supervised release. I agree with my colleagues in all other respects.