NOT RECOMMENDED FOR PUBLICATION
File Name: 25a0489n.06

No. 25-5148

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

FILED
Oct 21, 2025
KELLY L. STEPHENS, Clerk

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
|     Plaintiff-Appellee, | ) | |
| | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE WESTERN DISTRICT OF |
| | ) | KENTUCKY |
| JASON WEBSTER, | ) | |
|     Defendant-Appellant. | ) | |
| | ) | OPINION |

Before: WHITE, STRANCH, and MURPHY, Circuit Judges.

MURPHY, Circuit Judge. Jason Webster convinced a young girl to engage in sexually explicit conduct on Snapchat. He pleaded guilty to various sex offenses, and the district court sentenced him to 300 months' imprisonment. Even though the court's sentence fell well below Webster's guidelines range, he now claims that the sentence was still too long. But the court imposed a substantively reasonable punishment, so we affirm.

I

We take the facts from Webster's presentence report because he did not object to those facts at sentencing. *See United States v. Warren*, 2023 WL 1961222, at *1 (6th Cir. Feb. 13, 2023).

In the summer of 2023, the parents of 13-year-old "Jane Doe" discovered that she had sent sexually explicit photos and videos of herself to an "unknown individual" on Snapchat. Rep., R.29, PageID 80. She had engaged in this activity at her grandparent's Kentucky home.

Her parents also found several items that the unknown individual had sent to Doe, including a metal dog-choke collar, two hairbrushes, and a wireless vibrator that another party could control remotely. The individual had purchased the vibrator (among other items) from an online Lion's Den store. Doe claimed that her friend "Jason" (whom she thought lived in Indiana) had sent the items and controlled the vibrator through an app.

The police obtained a warrant to search records from Snapchat and Lion's Den. The records revealed that the Snapchat account that had communicated with Doe belonged to Webster, who lived with his parents in Lafeyette, Indiana. They also revealed that Webster solicited the sexually explicit images that Doe had sent and that the two discussed engaging in illegal sex acts. And the records revealed that Webster had bought the items that Lion's Den had sent to Doe.

After obtaining this information, the police secured a warrant to search Webster's home and arrest him. Webster's computer and phones contained hundreds of child-pornography photos and videos, including graphic images of adults raping toddlers and young children.

The government charged Webster with three sex offenses. It charged him with inducing a child through a facility of interstate commerce to engage in illegal sexual activity. *See* 18 U.S.C. § 2422(b). It charged him with attempting to induce a child to engage in sexually explicit conduct for the purpose of making a live depiction that would get transported in interstate commerce. *See id.* § 2251(a). And it charged him with knowingly receiving child pornography that had traveled in interstate commerce. *See id.* § 2252A(a)(2). Webster chose to enter an unconditional guilty plea without a plea agreement.

At sentencing, the district court calculated Webster's guidelines range as 324 to 405 months' imprisonment. It imposed a total punishment of 300 months for all three counts.

2

II

Webster argues that this 300-month sentence is substantively unreasonable. In other words, he claims that the sentence is "too long" when measured against the sentencing factors in 18 U.S.C. § 3553(a). *United States v. Rayyan*, 885 F.3d 436, 442 (6th Cir. 2018). These types of sentencing challenges rarely succeed. Appellate courts must defer to district courts over how the § 3553(a) factors weigh against each other for purposes of choosing the correct sentence in a particular case. *See United States v. Drake*, 126 F.4th 1242, 1246 (6th Cir. 2025) (citing *Gall v. United States*, 552 U.S. 38, 51 (2007)). They may reverse only if a district court abuses its discretion in balancing the factors. *See id.* And Webster's burden is more demanding still. The district court's sentence fell 24 months *below* the bottom of his guidelines range. So we must presume that the court imposed a reasonable sentence. *See United States v. Lynde*, 926 F.3d 275, 282 (6th Cir. 2019). Indeed, our presumption of reasonableness for a below-guidelines sentence exceeds the presumption of reasonableness that we apply when a district court imposes a sentence within the guidelines. *See United States v. Wells*, 55 F.4th 1086, 1093–94 (6th Cir. 2022).

Webster cannot overcome this presumption because the district court chose a reasonable sentence when measured against the § 3553(a) factors. The court first took account of Webster's lengthy guidelines range: 324 to 405 months. 18 U.S.C. § 3553(a)(4)(A). It next found the "nature and circumstances" of Webster's crimes "monstrous" and "incredibly harmful." *Id.* § 3553(a)(1); Sent. Tr., R.45, PageID 177. It reached that conclusion both because the images on his devices showed "children between two" and "nine years old being raped" and because he committed "hands-on abuse" of Doe. Sent. Tr., R.45, PageID 177–78. The court treated Webster's crimes against Doe as "hands-on" because "he actually manipulated" the vibrator through an app "while watching this child use that device on herself." *Id.*, PageID 178. Nor did Webster's "history and

characteristics" mitigate his crimes. 18 U.S.C. § 3553(a)(1). The court did not see "anything from his past" that might "excuse" them, plus he had been "fired for sexual harassment" from several jobs. Sent. Tr., R.45, PageID 178. As for the punishment's justification, the court highlighted the "great" "need to protect the public" from Webster. *Id.*; *see* 18 U.S.C. § 3553(a)(2)(C). It lastly tried "to avoid unwarranted sentence disparities" across similar defendants. 18 U.S.C. § 3553(a)(6). It emphasized statistics showing an "average" sentence "of 257 months" for defendants who commit similar crimes and have the same offense level and criminal history. Sent. Tr., R.45, PageID 179. Yet it viewed Webster's crimes as "worse than average" because of the "hands-on conduct with" Doe and because of the "devastating impact" his crime had on her and her family. *Id.* These explanations show that the court reasonably chose its sentence.

Webster's responses do not convince us otherwise. For the most part, he seeks to relitigate his sentencing in this appeal. That is, he simply summarizes his trial counsel's arguments as to why his personal history and the nature of his offenses called for a statutory minimum sentence of 15 years' imprisonment. But this appellate approach misunderstands our limited role. It is not our job to independently "rebalance the § 3553(a) factors" and identify the prison term we would have chosen if we had sentenced Webster. *Drake*, 126 F.4th at 1247 (quoting *United States v. Holt*, 116 F.4th 599, 617 (6th Cir. 2024)). Rather, it is our job to determine only whether the district court reasonably balanced those factors. *See id.* And Webster's renewal of his trial-level arguments does nothing to show a lack of reasonableness on that court's part.

Webster's specific challenges to the district court's reasoning fare no better. He first criticizes the court for finding that he committed "hands-on abuse" of Doe. Sent. Tr., R.45, PageID 178. According to Webster, the court made a "clearly erroneous" factual finding when it concluded that he remotely controlled the vibrator that Doe used. Appellant's Br. 13–15. We see

three problems with his argument. For one, Webster has raised only a substantive-reasonableness claim, but a challenge to a factual finding falls on the procedural side of the line. *See United States v. Parrish*, 915 F.3d 1043, 1047 (6th Cir. 2019). For another, Webster did not object to anything in the presentence report. Sent. Tr., R.45, PageID 167. The district court thus could accept its statements about his use of the vibrator. *See United States v. Cover*, 800 F.3d 275, 278 (6th Cir. 2015) (per curiam). For a third, Webster did not challenge this finding when the district court asked if he had any final objections at the end of sentencing. Sent. Tr., R.45, PageID 181. So he did not preserve this challenge, and we must review it for plain error. *See Holt*, 116 F.4th at 613.

This standard of review forecloses the claim. Webster has not shown any "obvious" error in the district court's finding. *United States v. Vonner*, 516 F.3d 382, 386 (6th Cir. 2008) (en banc) (citation omitted). To the contrary, the presentence report made clear that "[t]he vibrator could be controlled by an app from anywhere" and that Doe had "stated that Jason controlled the app." Rep., R.29, PageID 80. The report also imposed an unchallenged sexual-contact enhancement on Webster because he had "controlled a vibrator for the victim to use" on herself. *Id.*, PageID 85. So the district court reasonably found based on these (unobjected-to) factual statements that Webster "manipulated" the vibrator while Doe used it. Sent. Tr., R.45, PageID 178. And Webster does not dispute that this conduct (if true) would qualify as "hands-on abuse" by him.

This conclusion dooms Webster's related challenge to the district court's conclusion that its sentence avoided an "unwarranted sentencing disparity" between Webster and similar defendants. Appellant's Br. 9; *see* 18 U.S.C. § 3553(a)(6). Webster argues that the court should have imposed a sentence closer to the average of "257 months" for his crimes because his case contained no aggravating circumstances. Sent. Tr., R.45, PageID 179. But the district court reasonably found that his "hands-on conduct" made his case "worse than" the "average" one. *Id.*

5

Besides, a sentence within a defendant's guidelines range best prevents these types of disparities, so Webster's request for an even *larger* variance from that range would "more likely . . . create disparities than eliminate them." *United States v. Swafford*, 639 F.3d 265, 270 (6th Cir. 2011).

Webster next asserts that the district court's sentence violated theories of "marginal deterrence": that courts must reserve the harshest sentences for the worst offenders. Appellant's Br. 12 (quoting *United States v. Newsom*, 402 F.3d 780, 785–86 (7th Cir. 2005)). A "marginal deterrence" concern exists if a court creates an incentive for defendants to commit a more serious crime (say, murder) by punishing them the same for a less serious one (say, robbery). *See United States v. Reibel*, 688 F.3d 868, 871 (7th Cir. 2012). But the concern does not exist here. Webster's 300-month term is not one of the "most severe sentences" that the court could have imposed. Appellant's Br. 12. Recall that Webster's guidelines range called for a sentence of 324 to 405 months' imprisonment. And the court could have imposed a sentence up to life for one of the convictions. *See* 18 U.S.C. § 2422(b). So if Webster had used violence (one of his examples of a worse crime), the court could have (and likely would have) responded with a longer sentence.

Webster also challenges his 300-month sentence as excessive when compared to each of his three offenses *considered in isolation*. This argument misunderstands the guidelines. They generally require the court to calculate the "total punishment" for all counts, to impose this "total punishment on each such count," and to run these sentences concurrently with each other. U.S.S.G. § 5G1.2(b)–(c) & cmt. n.1. Here, then, the district court concluded that a 300-month term reasonably fit Webster's *total* criminal conduct. It then imposed two 300-month terms for his first two offenses—to be served concurrently. Yet his third offense (for receipt of child pornography) had a 20-year statutory maximum, so the court imposed a 240-month concurrent sentence for this crime. All told, the court reasonably imposed a total punishment of 300 months

for *all* his conduct reflected in all his offenses. And we need not consider whether that punishment also would have reasonably fit any one crime.

Lastly, Webster argues that the district court should have imposed a lower sentence because of "his amenability to treatment and rehabilitation" in prison. Appellant's Br. 22. Yet the Supreme Court has held that rehabilitation is not a permissible factor in granting a higher sentence and left open whether it may be a permissible factor in granting a *lower* one. *See Tapia v. United States*, 564 U.S. 319, 321, 329 n.5 (2011). We need not answer that question today because Webster's claim fails regardless. As the district court recognized, any of the lengthy prison options available to it would serve Webster's desire to "get some kind of counseling." Sent. Tr., R.45, PageID 179; 18 U.S.C. § 3553(a)(2)(D). And it reasonably found that, alongside the other § 3553(a) factors, Webster's desire for treatment did not warrant a below-guidelines variance *larger* than the one it had granted. *Cf. United States v. Ruffin*, 978 F.3d 1000, 1009 (6th Cir. 2020).

We affirm.